UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                         :

ANNE BACLAWSKI,                  :

                  Plaintiffs,     :

             - against -      :

MOUNTAIN REAL ESTATE CAPITAL LLC,  :
MOUNTAIN ASSET MANAGEMENT GROUP  :
LLC, PETER FIORETTI           :

             Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Civil Action No. 15-cv-417

**COMPLAINT**

**Jury Trial Demanded**

        Plaintiff Anne Baclawski, upon her own personal knowledge, states and alleges as follows:

## INTRODUCTION

        1.     This action seeks, *inter alia*, redress for overtime violations and unlawful retaliation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and North Carolina Wage and Hour Act ("NCWHA"). Defendants unlawfully deprived Plaintiff of her lawful compensation by failing to pay Plaintiff the applicable time-and-one-half rate for all hours that Plaintiff worked in excess of 40 hours per week

        2.     Plaintiff's primary duties and responsibilities were running errands for, serving as a housekeeper and nanny for, and taking care of the personal residences of Mr. Peter Fioretti, Mountain's Chief Executive Officer. Plaintiff worked a substantial number of overtime hours for Mr. Fioretti during the relevant period. Rather than compensating her for her overtime, Mr. Fioretti repeatedly sought to evade the applicable wage and hour laws by misclassifying Plaintiff as a 1099 independent contractor and a exempt, salaried, employee of Mountain.

1

3.     When Plaintiff alerted Defendants to this dispute, Defendants responded with a campaign of unlawful retaliation.  First, Defendants' Chief Financial Officer demanded that Plaintiff return over $25,000 of her wages to the company, allegedly because she had not properly documented her expenses.  Next, Defendants' General Counsel wrote directly to Plaintiff – while Plaintiff was represented by undersigned counsel and without including counsel on the communication – and threatened to have her arrested on a trumped up charge.  Finally, Defendants' counsel threatened that, if Plaintiff commenced this lawsuit, Defendants would bring a third-party claim against Plaintiff's (now ex) boyfriend.  All of this retaliation was effectuated to try to bully Plaintiff out of pursuing her rights under the FLSA and warrants the imposition of substantial punitive damages.

4.     Defendants retaliation and anticipated "scorched-earth" litigation defense cannot change the facts.  Defendants willfully misclassified Plaintiff in an effort to deprive her of her lawful overtime compensation.  Plaintiff should be granted declaratory relief, injunctive relief, back-pay, liquidated damages, punitive damages, and the attorneys' fees and costs of this action.

## THE PARTIES

### Plaintiff Anne Baclawski

5.     Plaintiff Anne Baclawski is an adult individual residing in Mecklenburg County North Carolina.

6.     At all relevant times, Plaintiff was employed by Defendants.  Ms. Baclawski worked almost exclusively for Mr. Fioretti personally.  Nevertheless, for some or all of the relevant period, Plaintiff was categorized as an employee of Mountain Real

Estate Capital LLC and her paychecks came from an entity called Mountain Asset Management Group LLC.

7.     At all relevant times, Plaintiff was a covered employee under the FLSA and NCWHA.

**Defendant Mountain Real Estate Capital LLC**

8.     Upon information and belief, defendant Mountain Real Estate Capital LLC ("Mountain") is a North Carolina corporation headquartered in Charlotte, NC.

9.     Mountain claims that, since 2007, it has invested over $750 million in equity in various real estate transactions.

10.     Mountain purports to have an "Executive Team."  In reality, Mr. Fioretti tightly controls and dominates Mountain.  Upon information and belief, Mr. Fioretti regularly ignores the advice of the other Mountain executives and makes decisions based upon his (often overly-emotional) whims and reactions to events.  Upon information and belief, a function of the other members of the "Executive Team" is trying to contain the damage and fallout from emotional decisions that Mr. Fioretti makes that are not in the best interests of himself or the company, violative of laws and regulations, or both.

11.     Upon information and belief, at all relevant times, Mountain has an annual gross volume in sales in excess of $500,000 and has been engaged in commerce as defined by 29 U.S.C. §206(a) and/or §207(a)(1).  Alternatively, Mountain is an enterprise engaged in commerce as defined by 29 U.S.C. §203(s)(1).

12.     Mountain was an employer or a "joint employer" of Plaintiff.

3

**Defendant Mountain Asset Management Group LLC**

13.     Upon information and belief, defendant Mountain Asset Management Group LLC is a North Carolina corporation headquartered in Charlotte, NC.

14.     Upon information and belief, defendant Mountain Asset Management Group LLC is an affiliate of defendant Mountain Real Estate Capital LLC.

15.     For some or all of the relevant period, Plaintiff's paychecks were issued by Mountain Asset Management Group LLC.

16.     Upon information and belief, at all relevant times, Mountain Asset Management Group LLC has an annual gross volume in sales in excess of $500,000 and has been engaged in commerce as defined by 29 U.S.C. §206(a) and/or §207(a)(1). Alternatively, Mountain Asset Management Group is an enterprise engaged in commerce as defined by 29 U.S.C. §203(s)(1).

17.     Mountain Asset Management Group LLC was an employer or a "joint employer" of Plaintiff.

**Defendant Peter Fioretti**

18.     Upon information and belief, defendant Peter Fioretti ("Fioretti") is an adult individual residing in North Carolina.

19.     Upon information and belief, Fioretti is the Chief Executive Officer of Mountain, and exercises final authority over its employment practices, including hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

20.     At all relevant times, Fioretti was Plaintiff's employer, and maintained control, oversight, and direction over Plaintiff, including but not limited to, her hiring, discipline, timekeeping, payroll, and other employment practices.

4

21.     Indeed, Fioretti micromanaged Plaintiff.  He communicated with her at all hours of the day and night, required her to constantly be available to him, and closely supervised her work.  At all relevant times, Fioretti directed Plaintiff as to her working hours, tasks, duties and responsibilities, and was the only Mountain employee who gave her work or commented on her performance.

22.     Upon information and belief, Fioretti was, or should have been, fully aware of the wage, overtime, and other laws applicable to operating a business and employing employees.

23.     Fioretti was an employer or a "joint employer" of Plaintiff.

24.     Fioretti is personally liable for the unlawful conduct complained of in this action.

## JURISDICTION AND VENUE

25.     This action arises under the FLSA, 29 U.S.C. §201 *et. seq*.  The court has jurisdiction over this matter pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

26.     Venue is proper in this District pursuant to 28 U.S.C. §1391 because Plaintiff resides in this District, the Defendants do business in this District, the unlawful employment practices were committed, and the relevant employment records are maintained, in this District.

## FACTUAL ALLEGATIONS

### Plaintiff Was Misclassified As A 1099 Independent Contractor

27.     In or about October 2013, Plaintiff was hired by Fioretti.

5

28.     In or about October 2013, Plaintiff commenced her employment with Fioretti.

29.     From October 2013 to August 2014, Plaintiff was classified by Fioretti and/or Mountain as a 1099 "Independent Contractor."

30.     Initially, Plaintiff was employed by Fioretti for 20 hours per week and earned $450 per week.

31.     However, shortly after Plaintiff commenced her employment with Fioretti her hours and pay were changed such that Plaintiff was earning $1100 per week for 40 hours of work per week.

32.     From January 1, 2014 to the date her employment terminated Plaintiff worked for Fioretti and/or Mountain full-time.

33.     From January 1, 2014 to the date her employment terminated, Plaintiff worked primarily from Fioretti's home or at other locations as directed by Fioretti.

34.     From January 1, 2014 to the date her employment terminated, Plaintiff's rate of pay was set by Fioretti.

35.     From January 1, 2014 to the date her employment terminated, Fioretti gave Plaintiff tasks to be performed on a daily, weekly, or monthly basis.

36.     From January 1, 2014 to the date her employment terminated, Plaintiff was required to comply with Fioretti's instructions concerning when, where, and how to accomplish the tasks assigned to her.

37.     From January 1, 2014 to the date her employment terminated, Fioretti and/or Mountain routinely gave Plaintiff instructions concerning the order of priority for the tasks assigned to her.

38. From January 1, 2014 to the date her employment terminated, Plaintiff worked continuously for Fioretti and/or Mountain and did not work for any other person or employer.

39. From January 1, 2014 to the date her employment terminated, Plaintiff was required to, and did in fact, submit regular oral and written reports to Fioretti concerning the status of the work or tasks that were assigned to her.

40. From January 1, 2014 to the date her employment terminated, Plaintiff was paid in regular installments on a bi-weekly pay date.

41. From January 1, 2014 to the date her employment terminated, Plaintiff was paid on the same bi-weekly pay date as Mountain's other employees.

42. From January 1, 2014 to the date her employment terminated, Plaintiff was reimbursed by Fioretti and/or Mountain for the expenses she incurred while working for Fioretti and/or Mountain.

43. From January 1, 2014 to the date her employment terminated, Plaintiff generally utilized Fioretti's tools, materials, and other equipment to perform the work and tasks assigned to her. For example, when doing Fioretti's laundry, Plaintiff usually utilized Fioretti's washing machine, dryer, and detergent. When doing yard work at Fioretti's house, Plaintiff utilized Fioretti's gardening tools.

44. Plaintiff had a work station, computer, and telephone in Mountain's office.

45. From January 1, 2014 to the date her employment terminated, Plaintiff did not realize any profits or losses from her work for Fioretti and/or Mountain, and was instead compensated based on a set rate of pay per week.

46.     From January 1, 2014 to the date her employment terminated, Plaintiff did not make her services available to the general public, or advertise her services to the general public, and instead worked exclusively for Mr. Fioretti and/or Mountain.

47.     From January 1, 2014 to the date her employment terminated, Fioretti and Mountain had the right to discharge Plaintiff at any time and for any or no reason.

48.     From January 1, 2014 to the date her employment terminated, Plaintiff had the right to end her relationship with Fioretti and/or Mountain for any reason or no reason and without incurring any liability to Fioretti and/or Mountain.

49.     From January 1, 2014 to the date her employment terminated, Plaintiff personally provided services to Fioretti and/or Mountain and never utilized sub-contractors or employees of Plaintiff to provide such services.

50.     Plaintiff has never executed an independent contractor agreement with either Fioretti or Mountain.

51.     From January 1, 2014 to August 2014, Plaintiff was misclassified as an 1099 independent contractor and should have been classified as an employee of Fioretti and/or Mountain.

52.     From January 1, 2014 to August 2014, neither Fioretti nor Mountain paid payroll or employer taxes as a result of an employment relationship with Plaintiff.

53.     From January 1, 2014 to August 2014, neither Fioretti nor Mountain took deductions or withholdings from Plaintiff's pay.

54.     From January 1, 2014 to August 2014, Kevin Mast knew that Fioretti and/or Mountain was treating Plaintiff as a 1099 independent contractor.

55.     From January 1, 2014 to August 2014, Kevin Mask knew that Plaintiff worked for Fioretti personally, worked for Fioretti full-time, and was aware of the duties and tasks Plaintiff was performing for Fioretti.

56.     Kevin Mast has primary responsibility within Mountain for ensuring that Mountain's tax returns are properly filed and that Mountain is complying with tax laws, rules, and regulations.

57.     Kevin Mast prepares Fioretti's personal tax filings and/or instructs or directs an outside accounting firm in the preparation of Fioretti's personal tax filings.

58.     It violates Generally Accepted Accounting Principles (GAAP) for an employer to treat employees as 1099 independent contractors for tax purposes and/or tax filings.

59.     During the period in which Plaintiff was classified as an independent contractor by Fioretti and/or Mountain, she did not receive overtime pay for hours worked in excess of 40 hours per week.

60.     During the period in which Plaintiff was classified as an independent contractor by Fioretti and/or Mountain, she did not receive benefits such as health insurance from either Fioretti or Mountain.

61.     From at least January 1, 2014 through August 2014, Plaintiff was misclassified as an independent contractor.

62.     In September 2014, Plaintiff's classification was changed from being a 1099 independent contractor to being a W2 employee of Mountain.

63.     Plaintiff's duties and responsibilities following her change to a W2 employee of Mountain were, in all material respects, the same as her duties and

9

responsibilities during the period that she was classified as a 1099 independent contractor.

64.     However, when Plaintiff became a W2 employee of Mountain, her pay was ostensibly reduced from $2200 bi-weekly to approximately $1400 bi-weekly. However, Fioretti instructed Plaintiff to submit "expenses" of $1700-1900 a month to the company, which Fioretti pre-approved, so that Plaintiff would continue to receive approximately $2200 in bi-weekly compensation both before and after her classification was changed to a W2 employee.

65.     Fioretti instructed Plaintiff to submit "expenses" of $1700-1900 a month to the company, rather setting Plaintiff's W2 pay rate at $2200 per month, as a mechanism to avoid paying a portion of payroll and other taxes arising out of Plaintiff's employment.

66.     After Plaintiff's classification was changed from a 1099 independent contractor to a W2 employee of Mountain, Plaintiff continued to work almost exclusively for Fioretti personally. Plaintiff had minimal, if any, duties and responsibilities for Mountain as an entity.

67.     Nevertheless, Fioretti made Plaintiff an employee of Mountain, rather than an employee of Fioretti personally, as a mechanism to make it appear as though Plaintiff's employment was an "expense" of Mountain. Upon information and belief, it was financially advantageous to Fioretti to mischaracterize Plaintiff as an employee of Mountain.

68.     From September 2014 through the date Plaintiff's employment terminated, Kevin Mast knew that Plaintiff was being categorized as an employee of Mountain.

69.     From September 2014 through the date Plaintiff's employment terminated, Kevin Mast knew that Plaintiff's duties and responsibilities consisted almost exclusively of working for Fioretti in his personal capacity.

70.     At all relevant times, Plaintiff should have been treated – for tax, accounting, and other purposes – as an employee of Fioretti personally and not an employee of Mountain.

71.     Upon information and belief, subsequent to being informed that Plaintiff was making employment claims, Kevin Mast undertook an effort to separate Fioretti's personal expenses from Mountain's expenses.

72.     By virtue of being misclassified as a 1099 independent contractor and the other conduct complained of herein Plaintiff has suffered damages.

**Plaintiff Was Misclassified As An "Exempt" Employee**

73.     Throughout the entirety of her employment with Fioretti and/or Mountain, Plaintiff was treated as an "exempt" employee under the FLSA.

74.     However, Plaintiff did not qualify for any exemption under the FLSA.

75.     Plaintiff's duties and responsibilities primarily consisted of taking care of Fioretti's personal residences, running his personal errands, and taking care of his children.

76.     As part of Plaintiff's duties, Plaintiff made Fioretti's bed daily.

77.     As part of Plaintiff's duties, Plaintiff cleaned Fioretti's house.

78.     As Part of Plaintiff's duties, Plaintiff washed Fioretti's laundry.

79.     As part of Plaintiff's duties, Plaintiff planned parties that were held at Fioretti's house.

80.     As part of Plaintiff's duties, Plaintiff served drinks to Fioretti's guests.

81.     As part of Plaintiff's duties, Plaintiff ordered equipment for Fioretti's personal gym.

82.     As part of Plaintiff's duties, Plaintiff compiled options of stain colors for Fioretti's bar in his house.

83.     As part of Plaintiff's duties, Plaintiff changed the light bulbs in Fioretti's house and coordinated putting the lighting in certain rooms on dimmer switches.

84.     As part of Plaintiff's duties, Plaintiff re-filled the ice cube trays in Fioretti's freezer.

85.     As part of Plaintiff's duties, Plaintiff organized Fioretti's kitchen cabinets and pantry in accordance with his instructions.

86.     As part of Plaintiff's duties, Plaintiff cleaned and changed the filters in Fioretti's air purifier.

87.     As part of Plaintiff's duties, Plaintiff cleaned Fioretti's silver holder.

88.     As part of Plaintiff's duties, Plaintiff set up towel warmers in his house.

89.     As part of Plaintiff's duties, Plaintiff organized Fioretti's family photos and coordinated the framing of his artwork.

90.     As part of Plaintiff's duties, Plaintiff organized boxes in Fioretti's "inspiration room" and game room and organized his garage.

91.     As part of Plaintiff's duties, Plaintiff looked up and planned activities for Fioretti to do with his children.

92.     As part of Plaintiff's duties, Plaintiff put fuel in, and coordinated the maintenance for, Fioretti's cars.

93.     As part of Plaintiff's duties, Plaintiff cared for and watered the plants in Fioretti's house.

94.     As part of Plaintiff's duties, Plaintiff replaced the bottom sliders on Fioretti's dining room chairs.

95.     As part of Plaintiff's duties, Plaintiff changed the batteries in the electronics in Fioretti's house.

96.     As part of Plaintiff's duties, Plaintiff did Fioretti's grocery shopping, made him protein shakes, and packaged his vitamins into ziplock bags marked "Morning" and "Dinner."

97.     As part of Plaintiff's duties, Plaintiff bought wine for Fioretti's house.

98.     As part of Plaintiff's duties, Plaintiff put away wine boxes in Fioretti's wine cellar.

99.     As part of Plaintiff's duties, Plaintiff cleaned the pillows in Fioretti's house.

100.    As part of Plaintiff's duties, Plaintiff made Fioretti's doctor's appointments.

101.    As part of Plaintiff's duties, Plaintiff bought candles for Fioretti's house.

102.    As part of Plaintiff's duties, Plaintiff cleaned the attic and garage in Fioretti's house.

103.    As part of Plaintiff's duties, Plaintiff programmed the CYBEX machine in Fioretti's house.

104.    As part of Plaintiff's duties, Plaintiff set up Fioretti's gym music.

105. As part of Plaintiff's duties, Plaintiff picked up Fioretti's prescriptions from the pharmacy.

106. As part of Plaintiff's duties, Plaintiff listed sconces and chandeliers from Fioretti's house on craigslist.

107. As part of Plaintiff's duties, Plaintiff purchased Fioretti's vitamins.

108. As part of Plaintiff's duties, Plaintiff coordinated the various vendors who worked at Fioretti's house.

109. As part of Plaintiff's duties, Plaintiff bought presents for Fioretti's girlfriends and family members and wrapped and delivered Fioretti's gifts to others.

110. As part of Plaintiff's duties, Plaintiff picked up Ray Ban sunglasses that Fioretti purchased.

111. As part of Plaintiff's duties, Plaintiff bought Fioretti tickets to sporting events.

112. As part of Plaintiff's duties, Plaintiff drove Fioretti and/or his children to various appointments, activities, and events.

113. As part of Plaintiff's duties, Plaintiff performed landscaping work and Fioretti's personal residence, including caring for and watering bushes and trees, raking leaves, and decorating the yard.

114. As part of Plaintiff's duties, Plaintiff put up and took down holiday decorations at Fioretti's house.

115. As part of Plaintiff's duties, Plaintiff communicated with Shannon Fioretti concerning Fioretti's children.

116.    As part of Plaintiff's duties, Plaintiff dropped off and picked up Fioretti's dry cleaning.

117.    As part of Plaintiff's duties, Plaintiff packed Fioretti's clothes for trips.

118.    As part of Plaintiff's duties, Plaintiff changed the color of Fioretti's pool light as per his instructions.

119.    As part of Plaintiff's duties, Plaintiff cut the tags off of the pillows in Fioretti's house.

120.    As part of Plaintiff's duties, Plaintiff researched hotels for Fioretti to stay in while traveling.

121.    As part of Plaintiff's duties, Plaintiff made Fioretti's hair cut appointments.

122.    As Part of Plaintiff's duties, Plaintiff bought Fioretti clothes.

123.    Plaintiff performed these and countless other menial tasks while caring for Fioretti's personal residence, running his errands, and caring for his children.

124.    Plaintiff routinely provided Fioretti with status updates, and sought and received direction from Fioretti, regarding the above referenced duties and tasks.

125.    Plaintiff routinely requested and received approval from Fioretti for the expenses incurred in completing the above referenced duties and tasks.

126.    Fioretti regularly provided detailed direction to Plaintiff concerning how and when the above duties and tasks should be completed.  For example, Fioretti set the "priorities" for certain tasks.  Fioretti directed Plaintiff as to what food items to purchase, what vitamins to purchase, what wine to purchase, which of his personal items should be

Case 3:15-cv-00417   Document 1   Filed 09/08/15   Page 15 of 99

listed on craigslist, which activities and events to purchase tickets for, and the way in which his personal residence should be organized, decorated, and cleaned.

127.    As the above listed tasks, and Plaintiff's other duties and responsibilities illustrate, Plaintiff was not properly classified as an "exempt" employee under the FLSA.

128.    Plaintiff's duties and responsibilities did not meet the exemption requirements for any exemption under the FLSA.

129.    As Plaintiff was misclassified as an "exempt" employee under the FLSA, Plaintiff did not receive overtime pay for hours worked in excess of 40 hours per week.

130.    Plaintiff should have received overtime pay for hours worked in excess of 40 hours per week.

131.    As a result of being misclassified as an exempt employee, Plaintiff suffered damages.

**Plaintiff Worked A Substantial Number Of Overtime Hours**
**Without Receiving Overtime Pay**

132.    As stated above, Plaintiff initially commenced work for Fioretti on a part-time basis, earning $450 per week for 20 hours of work per week.

133.    Shortly after commencing work for Fioretti, however, Plaintiff and Fioretti agreed that Plaintiff would work for Fioretti full time, and would earn $2200 bi-weekly for 40 hours of work per week.

134.    Despite Plaintiff and Fioretti's agreement that Plaintiff would earn $2200 bi-weekly for 40 hours of work per week, Fioretti routinely required Plaintiff to work in excess of 40 hours per week.

135.    Fioretti did not pay Plaintiff overtime for the hours she worked in excess of 40 hours per week.

136.    As a result, Plaintiff worked a substantial number of overtime hours without receiving overtime pay.

137.    The hours Plaintiff worked are set forth below.

138.    On January 1, 2014, Plaintiff worked 10 hours and 12 minutes for Fioretti and/or Mountain.

139.    On January 2, 2014, Plaintiff worked 11 hours and 11 minutes for Fioretti and/or Mountain.

140.    On January 3, 2014, Plaintiff worked 13 hours and 26 minutes for Fioretti and/or Mountain.

141.    On January 4, 2014, Plaintiff worked 5 hours and 12 minutes for Fioretti and/or Mountain.

**Week of January 5, 2014 to January 11, 2014**

142.    On January 5, 2014, Plaintiff worked 6 hours and 23 minutes for Fioretti and/or Mountain.

143.    On January 6, 2014, Plaintiff worked 13 hours and 56 minutes for Fioretti and/or Mountain.

144.    On January 7, 2014, Plaintiff worked 9 hours and 30 minutes for Fioretti and/or Mountain.

145.    On January 8, 2014, Plaintiff worked 13 hours and 8 minutes for Fioretti and/or Mountain.

146.    On January 9, 2014, Plaintiff worked 13 hours and 5 minutes for Fioretti and/or Mountain.

147.    On January 10, 2014, Plaintiff worked 7 hours and 20 minutes for Fioretti and/or Mountain.

148.    On January 11, 2014, Plaintiff worked 3 hours and 54 minutes for Fioretti and/or Mountain.

149.    Plaintiff submitted the hours listed above in paragraphs 142-148 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

150.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 142-148 during Plaintiff's employment.

151.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 142-148 for the week January 5, 2014 to January 11, 2014.

**Week of January 12, 2014 to January 18, 2014**

152.    On January 12, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

153.    On January 13, 2014, Plaintiff worked 7 hours and 52 minutes for Fioretti and/or Mountain.

154.    On January 14, 2014, Plaintiff worked 9 hours and 36 minutes for Fioretti and/or Mountain.

155.    On January 15, 2014, Plaintiff worked 12 hours and 32 minutes for Fioretti and/or Mountain.

156.    On January 16, 2014, Plaintiff worked 17 hours and 30 minutes for Fioretti and/or Mountain.

157.    On January 17, 2014, Plaintiff worked 13 hours and 47 minutes for Fioretti and/or Mountain.

158.    On January 18, 2014, Plaintiff worked 10 hours and 41 minutes for Fioretti and/or Mountain.

159.    Plaintiff submitted the hours listed above in paragraphs 152-158 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

160.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 152-158 during Plaintiff's employment.

161.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 152-158 for the week January 12, 2014 to January 18, 2014.

**Week of January 19, 2014 to January 25, 2014**

162.    On January 19, 2014, Plaintiff worked 0 hours and 28 minutes for Fioretti and/or Mountain.

163.    On January 20, 2014, Plaintiff worked 3 hours and 16 minutes for Fioretti and/or Mountain.

164.    On January 21, 2014, Plaintiff worked 3 hours and 8 minutes for Fioretti and/or Mountain.

165.    On January 22, 2014, Plaintiff worked 6 hours and 7 minutes for Fioretti and/or Mountain.

166.    On January 23, 2014, Plaintiff worked 11 hours and 59 minutes for Fioretti and/or Mountain.

167.    On January 24, 2014, Plaintiff worked 12 hours and 14 minutes for Fioretti and/or Mountain.

168.    On January 25, 2014, Plaintiff worked 7 hours and 17 minutes for Fioretti and/or Mountain.

169.    Plaintiff submitted the hours listed above in paragraphs 162-168 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

170.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 162-168 during Plaintiff's employment.

171.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 162-168 for the week January 19, 2014 to January 25, 2014.

**Week of January 26, 2014 to February 1, 2014**

172.    On January 26, 2014, Plaintiff worked 3 hours and 5 minutes for Fioretti and/or Mountain.

173.    On January 27, 2014, Plaintiff worked 10 hours and 9 minutes for Fioretti and/or Mountain.

174.    On January 28, 2014, Plaintiff worked 6 hours and 57 minutes for Fioretti and/or Mountain.

175.    On January 29, 2014, Plaintiff worked 5 hours and 40 minutes for Fioretti and/or Mountain.

176.    On January 30, 2014, Plaintiff worked 7 hours and 49 minutes for Fioretti and/or Mountain.

177.    On January 31, 2014, Plaintiff worked 9 hours and 6 minutes for Fioretti and/or Mountain.

178.    On February 1, 2014, Plaintiff worked 8 hours and 37 minutes for Fioretti and/or Mountain.

179.    Plaintiff submitted the hours listed above in paragraphs 172-178 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

180.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 172-178 during Plaintiff's employment.

181.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 172-178 for the week January 26, 2014 to February 1, 2014.

**Week of February 2, 2014 to February 8, 2014**

182.    On February 2, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

183.    On February 3, 2014, Plaintiff worked 6 hours and 39 minutes for Fioretti and/or Mountain.

184.    On February 4, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

185.    On February 5, 2014, Plaintiff worked 10 hours and 22 minutes for Fioretti and/or Mountain.

186.    On February 6, 2014, Plaintiff worked 8 hours and 16 minutes for Fioretti and/or Mountain.

187.     On February 7, 2014, Plaintiff worked 13 hours and 5 minutes for Fioretti and/or Mountain.

188.     On February 8, 2014, Plaintiff worked 5 hours and 0 minutes for Fioretti and/or Mountain.

189.     Plaintiff submitted the hours listed above in paragraphs 182-188 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

190.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 182-188 during Plaintiff's employment.

191.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 182-188 for the week February 2, 2014 to February 8, 2014.

**Week of February 9, 2014 to February 15, 2014**

192.     On February 9, 2014, Plaintiff worked 5 hours and 47 minutes for Fioretti and/or Mountain.

193.     On February 10, 2014, Plaintiff worked 12 hours and 59 minutes for Fioretti and/or Mountain.

194.     On February 11, 2014, Plaintiff worked 8 hours and 27 minutes for Fioretti and/or Mountain.

195.     On February 12, 2014, Plaintiff worked 0 hours and 46 minutes for Fioretti and/or Mountain.

196.     On February 13, 2014, Plaintiff worked 4 hours and 54 minutes for Fioretti and/or Mountain.

197.    On February 14, 2014, Plaintiff worked 9 hours and 25 minutes for Fioretti and/or Mountain.

198.    On February 15, 2014, Plaintiff worked 0 hours and 26 minutes for Fioretti and/or Mountain.

199.    Plaintiff submitted the hours listed above in paragraphs 192-198 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

200.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 192-198 during Plaintiff's employment.

201.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 192-198 for the week February 9, 2014 to February 15, 2014.

**Week of February 16, 2014 to February 22, 2014**

202.    On February 16, 2014, Plaintiff worked 1 hour and 10 minutes for Fioretti and/or Mountain.

203.    On February 17, 2014, Plaintiff worked 8 hours and 25 minutes for Fioretti and/or Mountain.

204.    On February 18, 2014, Plaintiff worked 5 hours and 13 minutes for Fioretti and/or Mountain.

205.    On February 19, 2014, Plaintiff worked 11 hours and 16 minutes for Fioretti and/or Mountain.

206.    On February 20, 2014, Plaintiff worked 12 hours and 4 minutes for Fioretti and/or Mountain.

207.	On February 21, 2014, Plaintiff worked 9 hours and 24 minutes for Fioretti and/or Mountain.

208.	On February 22, 2014, Plaintiff worked 11 hours and 25 minutes for Fioretti and/or Mountain.

209.	Plaintiff submitted the hours listed above in paragraphs 202-208 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

210.	Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 202-208 during Plaintiff's employment.

211.	Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 202-208 for the week February 16, 2014 to February 22, 2014.

**Week of February 23, 2014 to March 1, 2014**

212.	On February 23, 2014, Plaintiff worked 6 hours and 27 minutes for Fioretti and/or Mountain.

213.	On February 24, 2014, Plaintiff worked 10 hours and 4 minutes for Fioretti and/or Mountain.

214.	On February 25, 2014, Plaintiff worked 7 hours and 26 minutes for Fioretti and/or Mountain.

215.	On February 26, 2014, Plaintiff worked 7 hours and 14 minutes for Fioretti and/or Mountain.

216.	On February 27, 2014, Plaintiff worked 7 hours and 48 minutes for Fioretti and/or Mountain.

217. On February 28, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

218. On March 1, 2014, Plaintiff worked 7 hours and 24 minutes for Fioretti and/or Mountain.

219. Plaintiff submitted the hours listed above in paragraphs 212-218 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

220. Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 212-218 during Plaintiff's employment.

221. Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 212-218 for the week February 23, 2014 to March 1, 2014.

**Week of March 2, 2014 to March 8, 2014**

222. On March 2, 2014, Plaintiff worked 2 hours and 12 minutes for Fioretti and/or Mountain.

223. On March 3, 2014, Plaintiff worked 8 hours and 20 minutes for Fioretti and/or Mountain.

224. On March 4, 2014, Plaintiff worked 15 hours and 55 minutes for Fioretti and/or Mountain.

225. On March 5, 2014, Plaintiff worked 8 hours and 55 minutes for Fioretti and/or Mountain.

226. On March 6, 2014, Plaintiff worked 8 hours and 17 minutes for Fioretti and/or Mountain.

227.    On March 7, 2014, Plaintiff worked 10 hours and 52 minutes for Fioretti and/or Mountain.

228.    On March 8, 2014, Plaintiff worked 13 hours and 50 minutes for Fioretti and/or Mountain.

229.    Plaintiff submitted the hours listed above in paragraphs 222-228 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

230.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 222-228 during Plaintiff's employment.

231.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 222-228 for the week March 2, 2014 to March 8, 2014.

**Week of March 9, 2014 to March 15, 2014**

232.    On March 9, 2014, Plaintiff worked 13 hours and 38 minutes for Fioretti and/or Mountain.

233.    On March 10, 2014, Plaintiff worked 10 hours and 52 minutes for Fioretti and/or Mountain.

234.    On March 11, 2014, Plaintiff worked 11 hours and 15 minutes for Fioretti and/or Mountain.

235.    On March 12, 2014, Plaintiff worked 11 hours and 28 minutes for Fioretti and/or Mountain.

236.    On March 13, 2014, Plaintiff worked 14 hours and 1 minute for Fioretti and/or Mountain.

237.    On March 14, 2014, Plaintiff worked 9 hours and 22 minutes for Fioretti and/or Mountain.

238.    On March 15, 2014, Plaintiff worked 1 hour and 32 minutes for Fioretti and/or Mountain.

239.    Plaintiff submitted the hours listed above in paragraphs 232-238 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

240.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 232-238 during Plaintiff's employment.

241.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 232-238 for the week March 9, 2014 to March 15, 2014.

**Week of March 16, 2014 to March 22, 2014**

242.    On March 16, 2014, Plaintiff worked 12 hours and 54 minutes for Fioretti and/or Mountain.

243.    On March 17, 2014, Plaintiff worked 13 hours and 0 minutes for Fioretti and/or Mountain.

244.    On March 18, 2014, Plaintiff worked 14 hours and 18 minutes for Fioretti and/or Mountain.

245.    On March 19, 2014, Plaintiff worked 14 hours and 52 minutes for Fioretti and/or Mountain.

246.    On March 20, 2014, Plaintiff worked 16 hours and 9 minutes for Fioretti and/or Mountain.

247.     On March 21, 2014, Plaintiff worked 9 hours and 29 minutes for Fioretti and/or Mountain.

248.     On March 22, 2014, Plaintiff worked 12 hours and 45 minutes for Fioretti and/or Mountain.

249.     Plaintiff submitted the hours listed above in paragraphs 242-248 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

250.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 242-248 during Plaintiff's employment.

251.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 242-248 for the week March 16, 2014 to March 22, 2014.

**Week of March 23, 2014 to March 29, 2014**

252.     On March 23, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

253.     On March 24, 2014, Plaintiff worked 9 hours and 50 minutes for Fioretti and/or Mountain.

254.     On March 25, 2014, Plaintiff worked 7 hours and 4 minutes for Fioretti and/or Mountain.

255.     On March 26, 2014, Plaintiff worked 6 hours and 45 minutes for Fioretti and/or Mountain.

256.     On March 27, 2014, Plaintiff worked 11 hours and 36 minutes for Fioretti and/or Mountain.

Case 3:15-cv-00417   Document 1   Filed 09/08/15   Page 28 of 99

257. On March 28, 2014, Plaintiff worked 18 hours and 55 minutes for Fioretti and/or Mountain.

258. On March 29, 2014, Plaintiff worked 12 hours and 18 minutes for Fioretti and/or Mountain.

259. Plaintiff submitted the hours listed above in paragraphs 252-258 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

260. Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 252-258 during Plaintiff's employment.

261. Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 252-258 for the week March 23, 2014 to March 29, 2014.

**Week of March 30, 2014 to April 5, 2014**

262. On March 30, 2014, Plaintiff worked 6 hours and 42 minutes for Fioretti and/or Mountain.

263. On March 31, 2014, Plaintiff worked 11 hours and 47 minutes for Fioretti and/or Mountain.

264. On April 1, 2014, Plaintiff worked 11 hours and 37 minutes for Fioretti and/or Mountain.

265. On April 2, 2014, Plaintiff worked 7 hours and 15 minutes for Fioretti and/or Mountain.

266. On April 3, 2014, Plaintiff worked 7 hours and 45 minutes for Fioretti and/or Mountain.

267.    On April 4, 2014, Plaintiff worked 5 hours and 51 minutes for Fioretti and/or Mountain.

268.    On April 5, 2014, Plaintiff worked 6 hours and 24 minutes for Fioretti and/or Mountain.

269.    Plaintiff submitted the hours listed above in paragraphs 262-268 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

270.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 262-268 during Plaintiff's employment.

271.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 262-268 for the week March 30, 2014 to April 5, 2014.

**Week of April 6, 2014 to April 12, 2014**

272.    On April 6, 2014, Plaintiff worked 12 hours and 42 minutes for Fioretti and/or Mountain.

273.    On April 7, 2014, Plaintiff worked 12 hours and 35 minutes for Fioretti and/or Mountain.

274.    On April 8, 2014, Plaintiff worked 10 hours and 36 minutes for Fioretti and/or Mountain.

275.    On April 9, 2014, Plaintiff worked 8 hours and 33 minutes for Fioretti and/or Mountain.

276.    On April 10, 2014, Plaintiff worked 9 hours and 29 minutes for Fioretti and/or Mountain.

277.     On April 11, 2014, Plaintiff worked 12 hours and 8 minutes for Fioretti and/or Mountain.

278.     On April 12, 2014, Plaintiff worked 15 hours and 45 minutes for Fioretti and/or Mountain.

279.     Plaintiff submitted the hours listed above in paragraphs 272-278 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

280.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 272-278 during Plaintiff's employment.

281.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 272-278 for the week April 6, 2014 to April 12, 2014.

**Week of April 13, 2014 to April 19, 2014**

282.     On April 13, 2014, Plaintiff worked 13 hours and 1 minute for Fioretti and/or Mountain.

283.     On April 14, 2014, Plaintiff worked 11 hours and 18 minutes for Fioretti and/or Mountain.

284.     On April 15, 2014, Plaintiff worked 13 hours and 6 minutes for Fioretti and/or Mountain.

285.     On April 16, 2014, Plaintiff worked 14 hours and 18 minutes for Fioretti and/or Mountain.

286.     On April 17, 2014, Plaintiff worked 9 hours and 23 minutes for Fioretti and/or Mountain.

287.     On April 18, 2014, Plaintiff worked 6 hours and 29 minutes for Fioretti and/or Mountain.

288.     On April 19, 2014, Plaintiff worked 3 hours and 18 minutes for Fioretti and/or Mountain.

289.     Plaintiff submitted the hours listed above in paragraphs 282-288 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

290.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 282-288 during Plaintiff's employment.

291.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 282-288 for the week April 13, 2014 to April 19, 2014.

**Week of April 20, 2014 to April 26, 2014**

292.     On April 20, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

293.     On April 21, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

294.     On April 22, 2014, Plaintiff worked 0 hours and 38 minutes for Fioretti and/or Mountain.

295.     On April 23, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

296.     On April 24, 2014, Plaintiff worked 12 hours and 37 minutes for Fioretti and/or Mountain.

297.     On April 25, 2014, Plaintiff worked 12 hours and 22 minutes for Fioretti and/or Mountain.

298.     On April 26, 2014, Plaintiff worked 13 hours and 17 minutes for Fioretti and/or Mountain.

299.     Plaintiff submitted the hours listed above in paragraphs 292-298 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

300.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 292-298 during Plaintiff's employment.

301.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 292-298 for the week April 20, 2014 to April 26, 2014.

**Week of April 27, 2014 to May 3, 2014**

302.     On April 27, 2014, Plaintiff worked 13 hours and 7 minutes for Fioretti and/or Mountain.

303.     On April 28, 2014, Plaintiff worked 9 hours and 38 minutes for Fioretti and/or Mountain.

304.     On April 29, 2014, Plaintiff worked 12 hours and 36 minutes for Fioretti and/or Mountain.

305.     On April 30, 2014, Plaintiff worked 14 hours and 15 minutes for Fioretti and/or Mountain.

306.     On May 1, 2014, Plaintiff worked 14 hours and 18 minutes for Fioretti and/or Mountain.

307. On May 2, 2014, Plaintiff worked 15 hours and 10 minutes for Fioretti and/or Mountain.

308. On May 3, 2014, Plaintiff worked 5 hours and 6 minutes for Fioretti and/or Mountain.

309. Plaintiff submitted the hours listed above in paragraphs 302-308 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

310. Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 302-308 during Plaintiff's employment.

311. Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 302-308 for the week April 27, 2014 to May 3, 2014.

**Week of May 4, 2014 to May 10, 2014**

312. On May 4, 2014, Plaintiff worked 2 hours and 13 minutes for Fioretti and/or Mountain.

313. On May 5, 2014, Plaintiff worked 12 hours and 56 minutes for Fioretti and/or Mountain.

314. On May 6, 2014, Plaintiff worked 7 hours and 2 minutes for Fioretti and/or Mountain.

315. On May 7, 2014, Plaintiff worked 6 hours and 2 minutes for Fioretti and/or Mountain.

316. On May 8, 2014, Plaintiff worked 9 hours and 35 minutes for Fioretti and/or Mountain.

317.     On May 9, 2014, Plaintiff worked 13 hours and 46 minutes for Fioretti and/or Mountain.

318.     On May 10, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

319.     Plaintiff submitted the hours listed above in paragraphs 312-318 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

320.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 312-318 during Plaintiff's employment.

321.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 312-318 for the week May 4, 2014 to May 10, 2014.

**Week of May 11, 2014 to May 17, 2014**

322.     On May 11, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

323.     On May 12, 2014, Plaintiff worked 7 hours and 37 minutes for Fioretti and/or Mountain.

324.     On May 13, 2014, Plaintiff worked 7 hours and 52 minutes for Fioretti and/or Mountain.

325.     On May 14, 2014, Plaintiff worked 13 hours and 50 minutes for Fioretti and/or Mountain.

326.     On May 15, 2014, Plaintiff worked 11 hours and 50 minutes for Fioretti and/or Mountain.

327. On May 16, 2014, Plaintiff worked 12 hours and 34 minutes for Fioretti and/or Mountain.

328. On May 17, 2014, Plaintiff worked 13 hours and 12 minutes for Fioretti and/or Mountain.

329. Plaintiff submitted the hours listed above in paragraphs 322-328 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

330. Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 322-328 during Plaintiff's employment.

331. Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 322-328 for the week May 11, 2014 to May 17, 2014.

**Week of May 18, 2014 to May 24, 2014**

332. On May 18, 2014, Plaintiff worked 12 hours and 47 minutes for Fioretti and/or Mountain.

333. On May 19, 2014, Plaintiff worked 8 hours and 53 minutes for Fioretti and/or Mountain.

334. On May 20, 2014, Plaintiff worked 7 hours and 37 minutes for Fioretti and/or Mountain.

335. On May 21, 2014, Plaintiff worked 11 hours and 0 minutes for Fioretti and/or Mountain.

336. On May 22, 2014, Plaintiff worked 13 hours and 18 minutes for Fioretti and/or Mountain.

337. On May 23, 2014, Plaintiff worked 4 hours and 0 minutes for Fioretti and/or Mountain.

338. On May 24, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

339. Plaintiff submitted the hours listed above in paragraphs 332-338 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

340. Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 332-338 during Plaintiff's employment.

341. Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 332-338 for the week May 18, 2014 to May 24, 2014.

**Week of May 25, 2014 to May 31, 2014**

342. On May 25, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

343. On May 26, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

344. On May 27, 2014, Plaintiff worked 10 hours and 15 minutes for Fioretti and/or Mountain.

345. On May 28, 2014, Plaintiff worked 13 hours and 13 minutes for Fioretti and/or Mountain.

346. On May 29, 2014, Plaintiff worked 13 hours and 57 minutes for Fioretti and/or Mountain.

347.     On May 30, 2014, Plaintiff worked 14 hours and 47 minutes for Fioretti and/or Mountain.

348.     On May 31, 2014, Plaintiff worked 10 hours and 53 minutes for Fioretti and/or Mountain.

349.     Plaintiff submitted the hours listed above in paragraphs 342-348 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

350.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 342-348 during Plaintiff's employment.

351.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 342-348 for the week May 25, 2014 to May 31, 2014.

**Week of June 1, 2014 to June 7, 2014**

352.     On June 1, 2014, Plaintiff worked 3 hours and 46 minutes for Fioretti and/or Mountain.

353.     On June 2, 2014, Plaintiff worked 12 hours and 20 minutes for Fioretti and/or Mountain.

354.     On June 3, 2014, Plaintiff worked 10 hours and 20 minutes for Fioretti and/or Mountain.

355.     On June 4, 2014, Plaintiff worked 5 hours and 34 minutes for Fioretti and/or Mountain.

356.     On June 5, 2014, Plaintiff worked 7 hours and 25 minutes for Fioretti and/or Mountain.

357.    On June 6, 2014, Plaintiff worked 9 hours and 51 minutes for Fioretti and/or Mountain.

358.    On June 7, 2014, Plaintiff worked 8 hours and 52 minutes for Fioretti and/or Mountain.

359.    Plaintiff submitted the hours listed above in paragraphs 352-358 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

360.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 352-358 during Plaintiff's employment.

361.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 352-358 for the week June 1, 2014 to June 7, 2014.

**Week of June 8, 2014 to June 14, 2014**

362.    On June 8, 2014, Plaintiff worked 15 hours and 48 minutes for Fioretti and/or Mountain.

363.    On June 9, 2014, Plaintiff worked 19 hours and 40 minutes for Fioretti and/or Mountain.

364.    On June 10, 2014, Plaintiff worked 10 hours and 40 minutes for Fioretti and/or Mountain.

365.    On June 11, 2014, Plaintiff worked 11 hours and 53 minutes for Fioretti and/or Mountain.

366.    On June 12, 2014, Plaintiff worked 7 hours and 16 minutes for Fioretti and/or Mountain.

367.    On June 13, 2014, Plaintiff worked 13 hours and 44 minutes for Fioretti and/or Mountain.

368.    On June 14, 2014, Plaintiff worked 8 hours and 52 minutes for Fioretti and/or Mountain.

369.    Plaintiff submitted the hours listed above in paragraphs 362-368 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

370.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 362-368 during Plaintiff's employment.

371.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 362-368 for the week June 8, 2014 to June 14, 2014.

**Week of June 15, 2014 to June 21, 2014**

372.    On June 15, 2014, Plaintiff worked 7 hours and 3 minutes for Fioretti and/or Mountain.

373.    On June 16, 2014, Plaintiff worked 13 hours and 9 minutes for Fioretti and/or Mountain.

374.    On June 17, 2014, Plaintiff worked 9 hours and 17 minutes for Fioretti and/or Mountain.

375.    On June 18, 2014, Plaintiff worked 13 hours and 22 minutes for Fioretti and/or Mountain.

376.    On June 19, 2014, Plaintiff worked 11 hours and 35 minutes for Fioretti and/or Mountain.

377.    On June 20, 2014, Plaintiff worked 8 hours and 45 minutes for Fioretti and/or Mountain.

378.    On June 21, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

379.    Plaintiff submitted the hours listed above in paragraphs 372-378 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

380.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 372-378 during Plaintiff's employment.

381.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 372-378 for the week June 15, 2014 to June 21, 2014.

**Week of June 22, 2014 to June 28, 2014**

382.    On June 22, 2014, Plaintiff worked 2 hours and 31 minutes for Fioretti and/or Mountain.

383.    On June 23, 2014, Plaintiff worked 13 hours and 27 minutes for Fioretti and/or Mountain.

384.    On June 24, 2014, Plaintiff worked 22 hours and 36 minutes for Fioretti and/or Mountain.

385.    On June 25, 2014, Plaintiff worked 11 hours and 11 minutes for Fioretti and/or Mountain.

386.    On June 26, 2014, Plaintiff worked 11 hours and 34 minutes for Fioretti and/or Mountain.

387. On June 27, 2014, Plaintiff worked 11 hours and 12 minutes for Fioretti and/or Mountain.

388. On June 28, 2014, Plaintiff worked 13 hours and 14 minutes for Fioretti and/or Mountain.

389. Plaintiff submitted the hours listed above in paragraphs 382-388 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

390. Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 382-388 during Plaintiff's employment.

391. Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 382-388 for the week June 22, 2014 to June 28, 2014.

**Week of June 29, 2014 to July 5, 2014**

392. On June 29, 2014, Plaintiff worked 13 hours and 19 minutes for Fioretti and/or Mountain.

393. On June 28, 2014, Plaintiff worked 13 hours and 2 minutes for Fioretti and/or Mountain.

394. On July 1, 2014, Plaintiff worked 9 hours and 7 minutes for Fioretti and/or Mountain.

395. On July 2, 2014, Plaintiff worked 5 hours and 36 minutes for Fioretti and/or Mountain.

396. On July 3, 2014, Plaintiff worked 3 hours and 22 minutes for Fioretti and/or Mountain.

397.    On July 4, 2014, Plaintiff worked 2 hours and 0 minutes for Fioretti and/or Mountain.

398.    On July 5, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

399.    Plaintiff submitted the hours listed above in paragraphs 392-398 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

400.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 392-398 during Plaintiff's employment.

401.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 392-398 for the week June 29, 2014 to July 5, 2014.

**Week of July 6, 2014 to July 12, 2014**

402.    On July 6, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

403.    On July 7, 2014, Plaintiff worked 12 hours and 59 minutes for Fioretti and/or Mountain.

404.    On July 8, 2014, Plaintiff worked 10 hours and 46 minutes for Fioretti and/or Mountain.

405.    On July 9, 2014, Plaintiff worked 13 hours and 55 minutes for Fioretti and/or Mountain.

406.    On July 10, 2014, Plaintiff worked 13 hours and 29 minutes for Fioretti and/or Mountain.

Case 3:15-cv-00417   Document 1   Filed 09/08/15   Page 43 of 99

407.     On July 11, 2014, Plaintiff worked 15 hours and 32 minutes for Fioretti and/or Mountain.

408.     On July 12, 2014, Plaintiff worked 3 hours and 29 minutes for Fioretti and/or Mountain.

409.     Plaintiff submitted the hours listed above in paragraphs 402-408 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

410.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 402-408 during Plaintiff's employment.

411.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 402-408 for the week July 6, 2014 to July 12, 2014.

**Week of July 13, 2014 to July 19, 2014**

412.     On July 13, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

413.     On July 14, 2014, Plaintiff worked 12 hours and 50 minutes for Fioretti and/or Mountain.

414.     On July 15, 2014, Plaintiff worked 9 hours and 14 minutes for Fioretti and/or Mountain.

415.     On July 16, 2014, Plaintiff worked 12 hours and 30 minutes for Fioretti and/or Mountain.

416.     On July 17, 2014, Plaintiff worked 11 hours and 32 minutes for Fioretti and/or Mountain.

417. On July 18, 2014, Plaintiff worked 10 hours and 30 minutes for Fioretti and/or Mountain.

418. On July 19, 2014, Plaintiff worked 5 hours and 8 minutes for Fioretti and/or Mountain.

419. Plaintiff submitted the hours listed above in paragraphs 412-418 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

420. Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 412-418 during Plaintiff's employment.

421. Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 412-418 for the week July 13, 2014 to July 19, 2014.

**Week of July 20, 2014 to July 26, 2014**

422. On July 20, 2014, Plaintiff worked 5 hours and 30 minutes for Fioretti and/or Mountain.

423. On July 21, 2014, Plaintiff worked 12 hours and 4 minutes for Fioretti and/or Mountain.

424. On July 22, 2014, Plaintiff worked 14 hours and 03 minutes for Fioretti and/or Mountain.

425. On July 23, 2014, Plaintiff worked 14 hours and 25 minutes for Fioretti and/or Mountain.

426. On July 24, 2014, Plaintiff worked 13 hours and 53 minutes for Fioretti and/or Mountain.

427.     On July 25, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

428.     On July 26, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

429.     Plaintiff submitted the hours listed above in paragraphs 422-428 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

430.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 422-428 during Plaintiff's employment.

431.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 422-428 for the week July 20, 2014 to July 26, 2014.

**Week of July 27, 2014 to August 2, 2014**

432.     On July 27, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

433.     On July 28, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

434.     On July 29, 2014, Plaintiff worked 6 hours and 18 minutes for Fioretti and/or Mountain.

435.     On July 30, 2014, Plaintiff worked 8 hours and 37 minutes for Fioretti and/or Mountain.

436.     On July 31, 2014, Plaintiff worked 12 hours and 35 minutes for Fioretti and/or Mountain.

437.    On August 1, 2014, Plaintiff worked 15 hours and 3 minutes for Fioretti and/or Mountain.

438.    On August 2, 2014, Plaintiff worked 15 hours and 56 minutes for Fioretti and/or Mountain.

439.    Plaintiff submitted the hours listed above in paragraphs 432-438 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

440.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 432-438 during Plaintiff's employment.

441.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 432-438 for the week July 27, 2014 to August 2, 2014.

**Week of August 3, 2014 to August 9, 2014**

442.    On August 3, 2014, Plaintiff worked 9 hours and 3 minutes for Fioretti and/or Mountain.

443.    On August 4, 2014, Plaintiff worked 15 hours and 30 minutes for Fioretti and/or Mountain.

444.    On August 5, 2014, Plaintiff worked 0 hours and 28 minutes for Fioretti and/or Mountain.

445.    On August 6, 2014, Plaintiff worked 7 hours and 26 minutes for Fioretti and/or Mountain.

446.    On August 7, 2014, Plaintiff worked 9 hours and 17 minutes for Fioretti and/or Mountain.

47

447. On August 8, 2014, Plaintiff worked 11 hours and 41 minutes for Fioretti and/or Mountain.

448. On August 9, 2014, Plaintiff worked 9 hours and 37 minutes for Fioretti and/or Mountain.

449. Plaintiff submitted the hours listed above in paragraphs 442-448 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

450. Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 442-448 during Plaintiff's employment.

451. Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 442-448 for the week August 3, 2014 to August 9, 2014.

**Week of August 10, 2014 to August 16, 2014**

452. On August 10, 2014, Plaintiff worked 6 hours and 31 minutes for Fioretti and/or Mountain.

453. On August 11, 2014, Plaintiff worked 10 hours and 25 minutes for Fioretti and/or Mountain.

454. On August 12, 2014, Plaintiff worked 9 hours and 42 minutes for Fioretti and/or Mountain.

455. On August 13, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

456. On August 14, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

457.     On August 15, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

458.     On August 16, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

459.     Plaintiff submitted the hours listed above in paragraphs 452-458 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

460.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 452-458 during Plaintiff's employment.

461.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 452-458 for the week August 10, 2014 to August 16, 2014.

**Week of August 17, 2014 to August 23, 2014**

462.     On August 17, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

463.     On August 18, 2014, Plaintiff worked 10 hours and 26 minutes for Fioretti and/or Mountain.

464.     On August 19, 2014, Plaintiff worked 8 hours and 14 minutes for Fioretti and/or Mountain.

465.     On August 20, 2014, Plaintiff worked 10 hours and 59 minutes for Fioretti and/or Mountain.

466.     On August 21, 2014, Plaintiff worked 11 hours and 41 minutes for Fioretti and/or Mountain.

467.     On August 22, 2014, Plaintiff worked 11 hours and 43 minutes for Fioretti and/or Mountain.

468.     On August 23, 2014, Plaintiff worked 4 hours and 19 minutes for Fioretti and/or Mountain.

469.     Plaintiff submitted the hours listed above in paragraphs 462-468 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

470.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 462-468 during Plaintiff's employment.

471.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 462-468 for the week August 17, 2014 to August 23, 2014.

**Week of August 24, 2014 to August 30, 2014**

472.     On August 24, 2014, Plaintiff worked 14 hours and 2 minutes for Fioretti and/or Mountain.

473.     On August 25, 2014, Plaintiff worked 8 hours and 45 minutes for Fioretti and/or Mountain.

474.     On August 26, 2014, Plaintiff worked 13 hours and 8 minutes for Fioretti and/or Mountain.

475.     On August 27, 2014, Plaintiff worked 11 hours and 45 minutes for Fioretti and/or Mountain.

476.     On August 28, 2014, Plaintiff worked 13 hours and 4 minutes for Fioretti and/or Mountain.

477.    On August 29, 2014, Plaintiff worked 7 hours and 50 minutes for Fioretti and/or Mountain.

478.    On August 30, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

479.    Plaintiff submitted the hours listed above in paragraphs 472-478 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

480.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 472-478 during Plaintiff's employment.

481.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 472-478 for the week August 24, 2014 to August 30, 2014.

**Week of August 31, 2014 to September 6, 2014**

482.    On August 31, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

483.    On September 1, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

484.    On September 2, 2014, Plaintiff worked 8 hours and 30 minutes for Fioretti and/or Mountain.

485.    On September 3, 2014, Plaintiff worked 9 hours and 17 minutes for Fioretti and/or Mountain.

486.    On September 4, 2014, Plaintiff worked 9 hours and 25 minutes for Fioretti and/or Mountain.

487.     On September 5, 2014, Plaintiff worked 9 hours and 16 minutes for Fioretti and/or Mountain.

488.     On September 6, 2014, Plaintiff worked 2 hours and 22 minutes for Fioretti and/or Mountain.

489.     Plaintiff submitted the hours listed above in paragraphs 482-488 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

490.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 482-488 during Plaintiff's employment.

491.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 482-488 for the week August 31, 2014 to September 6, 2014.

**Week of September 7, 2014 to September 13, 2014**

492.     On September 7, 2014, Plaintiff worked 9 hours and 41 minutes for Fioretti and/or Mountain.

493.     On September 8, 2014, Plaintiff worked 13 hours and 46 minutes for Fioretti and/or Mountain.

494.     On September 9, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

495.     On September 10, 2014, Plaintiff worked 5 hours and 47 minutes for Fioretti and/or Mountain.

496.     On September 11, 2014, Plaintiff worked 10 hours and 2 minutes for Fioretti and/or Mountain.

497.     On September 12, 2014, Plaintiff worked 8 hours and 24 minutes for Fioretti and/or Mountain.

498.     On September 13, 2014, Plaintiff worked 4 hours and 18 minutes for Fioretti and/or Mountain.

499.     Plaintiff submitted the hours listed above in paragraphs 492-498 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

500.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 492-498 during Plaintiff's employment.

501.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 492-498 for the week September 7, 2014 to September 13, 2014.

**Week of September 14, 2014 to September 20, 2014**

502.     On September 14, 2014, Plaintiff worked 5 hours and 27 minutes for Fioretti and/or Mountain.

503.     On September 15, 2014, Plaintiff worked 9 hours and 18 minutes for Fioretti and/or Mountain.

504.     On September 16, 2014, Plaintiff worked 13 hours and 0 minutes for Fioretti and/or Mountain.

505.     On September 17, 2014, Plaintiff worked 8 hours and 10 minutes for Fioretti and/or Mountain.

506.     On September 18, 2014, Plaintiff worked 11 hours and 33 minutes for Fioretti and/or Mountain.

507.    On September 19, 2014, Plaintiff worked 14 hours and 50 minutes for Fioretti and/or Mountain.

508.    On September 20, 2014, Plaintiff worked 4 hours and 30 minutes for Fioretti and/or Mountain.

509.    Plaintiff submitted the hours listed above in paragraphs 502-508 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

510.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 502-508 during Plaintiff's employment.

511.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 502-508 for the week September 14, 2014 to September 20, 2014.

**Week of September 21, 2014 to September 27, 2014**

512.    On September 21, 2014, Plaintiff worked 6 hours and 29 minutes for Fioretti and/or Mountain.

513.    On September 22, 2014, Plaintiff worked 13 hours and 39 minutes for Fioretti and/or Mountain.

514.    On September 23, 2014, Plaintiff worked 12 hours and 33 minutes for Fioretti and/or Mountain.

515.    On September 24, 2014, Plaintiff worked 7 hours and 58 minutes for Fioretti and/or Mountain.

516.    On September 25, 2014, Plaintiff worked 7 hours and 4 minutes for Fioretti and/or Mountain.

517. On September 26, 2014, Plaintiff worked 8 hours and 57 minutes for Fioretti and/or Mountain.

518. On September 27, 2014, Plaintiff worked 1 hours and 17 minutes for Fioretti and/or Mountain.

519. Plaintiff submitted the hours listed above in paragraphs 512-518 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

520. Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 512-518 during Plaintiff's employment.

521. Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 512-518 for the week September 21, 2014 to September 27, 2014.

**Week of September 28, 2014 to October 4, 2014**

522. On September 28, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

523. On September 29, 2014, Plaintiff worked 4 hours and 41 minutes for Fioretti and/or Mountain.

524. On September 30, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

525. On October 1, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

526. On October 2, 2014, Plaintiff worked 14 hours and 5 minutes for Fioretti and/or Mountain.

527. On October 3, 2014, Plaintiff worked 10 hours and 30 minutes for Fioretti and/or Mountain.

528. On October 4, 2014, Plaintiff worked 10 hours and 28 minutes for Fioretti and/or Mountain.

529. Plaintiff submitted the hours listed above in paragraphs 522-528 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

530. Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 522-528 during Plaintiff's employment.

531. Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 522-528 for the week September 28, 2014 to October 4, 2014.

**Week of October 5, 2014 to October 11, 2014**

532. On October 5, 2014, Plaintiff worked 6 hours and 13 minutes for Fioretti and/or Mountain.

533. On October 6, 2014, Plaintiff worked 9 hours and 16 minutes for Fioretti and/or Mountain.

534. On October 7, 2014, Plaintiff worked 9 hours and 57 minutes for Fioretti and/or Mountain.

535. On October 8, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

536. On October 9, 2014, Plaintiff worked 8 hours and 27 minutes for Fioretti and/or Mountain.

537.     On October 10, 2014, Plaintiff worked 7 hours and 41 minutes for Fioretti and/or Mountain.

538.     On October 11, 2014, Plaintiff worked 0 hours and 28 minutes for Fioretti and/or Mountain.

539.     Plaintiff submitted the hours listed above in paragraphs 532-538 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

540.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 532-538 during Plaintiff's employment.

541.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 532-538 for the week October 5, 2014 to October 11, 2014.

**Week of October 12, 2014 to October 18, 2014**

542.     On October 12, 2014, Plaintiff worked 2 hours and 44 minutes for Fioretti and/or Mountain.

543.     On October 13, 2014, Plaintiff worked 8 hours and 30 minutes for Fioretti and/or Mountain.

544.     On October 14, 2014, Plaintiff worked 10 hours and 6 minutes for Fioretti and/or Mountain.

545.     On October 15, 2014, Plaintiff worked 10 hours and 19 minutes for Fioretti and/or Mountain.

546.     On October 16, 2014, Plaintiff worked 10 hours and 27 minutes for Fioretti and/or Mountain.

547.    On October 17, 2014, Plaintiff worked 15 hours and 12 minutes for Fioretti and/or Mountain.

548.    On October 18, 2014, Plaintiff worked 13 hours and 33 minutes for Fioretti and/or Mountain.

549.    Plaintiff submitted the hours listed above in paragraphs 542-548 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

550.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 542-548 during Plaintiff's employment.

551.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 542-548 for the week October 12, 2014 to October 18, 2014.

**Week of October 19, 2014 to October 25, 2014**

552.    On October 19, 2014, Plaintiff worked 10 hours and 46 minutes for Fioretti and/or Mountain.

553.    On October 20, 2014, Plaintiff worked 12 hours and 18 minutes for Fioretti and/or Mountain.

554.    On October 21, 2014, Plaintiff worked 8 hours and 4 minutes for Fioretti and/or Mountain.

555.    On October 22, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

556.    On October 23, 2014, Plaintiff worked 11 hours and 17 minutes for Fioretti and/or Mountain.

557.     On October 24, 2014, Plaintiff worked 9 hours and 55 minutes for Fioretti and/or Mountain.

558.     On October 25, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

559.     Plaintiff submitted the hours listed above in paragraphs 552-558 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

560.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 552-558 during Plaintiff's employment.

561.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 552-558 for the week October 19, 2014 to October 25, 2014.

**Week of October 26, 2014 to November 1 , 2014**

562.     On October 26, 2014, Plaintiff worked 4 hours and 19 minutes for Fioretti and/or Mountain.

563.     On October 27, 2014, Plaintiff worked 5 hours and 10 minutes for Fioretti and/or Mountain.

564.     On October 28, 2014, Plaintiff worked 7 hours and 47 minutes for Fioretti and/or Mountain.

565.     On October 29, 2014, Plaintiff worked 8 hours and 44 minutes for Fioretti and/or Mountain.

566.     On October 30, 2014, Plaintiff worked 11 hours and 15 minutes for Fioretti and/or Mountain.

567.     On October 31, 2014, Plaintiff worked 15 hours and 46 minutes for Fioretti and/or Mountain.

568.     On November 1, 2014, Plaintiff worked 6 hours and 17 minutes for Fioretti and/or Mountain.

569.     Plaintiff submitted the hours listed above in paragraphs 562-568 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

570.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 562-568 during Plaintiff's employment.

571.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 562-568 for the week October 26, 2014 to November 1, 2014.

**Week of November 2, 2014 to November 8, 2014**

572.     On November 2, 2014, Plaintiff worked 0 hours and 53 minutes for Fioretti and/or Mountain.

573.     On November 3, 2014, Plaintiff worked 10 hours and 48 minutes for Fioretti and/or Mountain.

574.     On November 4, 2014, Plaintiff worked 9 hours and 42 minutes for Fioretti and/or Mountain.

575.     On November 5, 2014, Plaintiff worked 10 hours and 55 minutes for Fioretti and/or Mountain.

576.     On November 6, 2014, Plaintiff worked 7 hours and 45 minutes for Fioretti and/or Mountain.

577.     On November 7, 2014, Plaintiff worked 4 hours and 44 minutes for Fioretti and/or Mountain.

578.     On November 8, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

579.     Plaintiff submitted the hours listed above in paragraphs 572-578 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

580.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 572-578 during Plaintiff's employment.

581.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 572-578 for the week November 2, 2014 to November 8, 2014.

**Week of November 9, 2014 to November 15, 2014**

582.     On November 9, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

583.     On November 10, 2014, Plaintiff worked 9 hours and 7 minutes for Fioretti and/or Mountain.

584.     On November 11, 2014, Plaintiff worked 9 hours and 39 minutes for Fioretti and/or Mountain.

585.     On November 12, 2014, Plaintiff worked 11 hours and 7 minutes for Fioretti and/or Mountain.

586.     On November 13, 2014, Plaintiff worked 13 hours and 43 minutes for Fioretti and/or Mountain.

587.    On November 14, 2014, Plaintiff worked 11 hours and 18 minutes for Fioretti and/or Mountain.

588.    On November 15, 2014, Plaintiff worked 8 hours and 0 minutes for Fioretti and/or Mountain.

589.    Plaintiff submitted the hours listed above in paragraphs 582-588 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

590.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 582-588 during Plaintiff's employment.

591.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 582-588 for the week November 9, 2014 to November 15, 2014.

**Week of November 16, 2014 to November 22, 2014**

592.    On November 16, 2014, Plaintiff worked 3 hours and 2 minutes for Fioretti and/or Mountain.

593.    On November 17, 2014, Plaintiff worked 14 hours and 22 minutes for Fioretti and/or Mountain.

594.    On November 18, 2014, Plaintiff worked 9 hours and 53 minutes for Fioretti and/or Mountain.

595.    On November 19, 2014, Plaintiff worked 6 hours and 37 minutes for Fioretti and/or Mountain.

596.    On November 20, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

Case 3:15-cv-00417   Document 1   Filed 09/08/15   Page 62 of 99

597.     On November 21, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

598.     On November 22, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

599.     Plaintiff submitted the hours listed above in paragraphs 592-598 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

600.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 592-598 during Plaintiff's employment.

601.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 592-598 for the week November 16, 2014 to November 22, 2014.

**Week of November 30, 2014 to December 6, 2014[1]**

602.     On November 30, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

603.     On December 1, 2014, Plaintiff worked 6 hours and 58 minutes for Fioretti and/or Mountain.

604.     On December 2, 2014, Plaintiff worked 9 hours and 35 minutes for Fioretti and/or Mountain.

605.     On December 3, 2014, Plaintiff worked 8 hours and 54 minutes for Fioretti and/or Mountain.

606.     On December 4, 2014, Plaintiff worked 8 hours and 52 minutes for Fioretti and/or Mountain.

---

[1]     Plaintiff did not work any hours for Fioretti and/or Mountain the week of November 23, 2014 to November 29, 2014

607. On December 5, 2014, Plaintiff worked 10 hours and 15 minutes for Fioretti and/or Mountain.

608. On December 6, 2014, Plaintiff worked 7 hours and 9 minutes for Fioretti and/or Mountain.

609. Plaintiff submitted the hours listed above in paragraphs 602-608 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

610. Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 602-608 during Plaintiff's employment.

611. Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 602-608 for the week November 30, 2014 to December 6, 2014.

**Week of December 7, 2014 to December 13, 2014**

612. On December 7, 2014, Plaintiff worked 4 hours and 39 minutes for Fioretti and/or Mountain.

613. On December 8, 2014, Plaintiff worked 11 hours and 25 minutes for Fioretti and/or Mountain.

614. On December 9, 2014, Plaintiff worked 11 hours and 2 minutes for Fioretti and/or Mountain.

615. On December 10, 2014, Plaintiff worked 7 hours and 51 minutes for Fioretti and/or Mountain.

616. On December 11, 2014, Plaintiff worked 10 hours and 31 minutes for Fioretti and/or Mountain.

617. On December 12, 2014, Plaintiff worked 12 hours and 46 minutes for Fioretti and/or Mountain.

618. On December 13, 2014, Plaintiff worked 7 hours and 39 minutes for Fioretti and/or Mountain.

619. Plaintiff submitted the hours listed above in paragraphs 612-618 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

620. Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 612-618 during Plaintiff's employment.

621. Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 612-618 for the week December 7, 2014 to December 13, 2014.

**Week of December 14, 2014 to December 20, 2014**

622. On December 14, 2014, Plaintiff worked 10 hours and 16 minutes for Fioretti and/or Mountain.

623. On December 15, 2014, Plaintiff worked 12 hours and 3 minutes for Fioretti and/or Mountain.

624. On December 16, 2014, Plaintiff worked 11 hours and 21 minutes for Fioretti and/or Mountain.

625. On December 17, 2014, Plaintiff worked 10 hours and 48 minutes for Fioretti and/or Mountain.

626. On December 18, 2014, Plaintiff worked 11 hours and 27 minutes for Fioretti and/or Mountain.

627.    On December 19, 2014, Plaintiff worked 11 hours and 40 minutes for Fioretti and/or Mountain.

628.    On December 20, 2014, Plaintiff worked 9 hours and 45 minutes for Fioretti and/or Mountain.

629.    Plaintiff submitted the hours listed above in paragraphs 622-628 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

630.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 622-628 during Plaintiff's employment.

631.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 622-628 for the week December 14, 2014 to December 20, 2014.

**Week of December 21, 2014 to December 27, 2014**

632.    On December 21, 2014, Plaintiff worked 13 hours and 49 minutes for Fioretti and/or Mountain.

633.    On December 22, 2014, Plaintiff worked 20 hours and 06 minutes for Fioretti and/or Mountain.

634.    On December 23, 2014, Plaintiff worked 19 hours and 14 minutes for Fioretti and/or Mountain.

635.    On December 24, 2014, Plaintiff worked 10 hours and 28 minutes for Fioretti and/or Mountain.

636.    On December 25, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

637.     On December 26, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

638.     On December 27, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

639.     Plaintiff submitted the hours listed above in paragraphs 632-638 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

640.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 632-638 during Plaintiff's employment.

641.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 632-638 for the week December 21, 2014 to December 27, 2014.

**Week of December 28, 2014 to January 3, 2015**

642.     On December 28, 2014, Plaintiff worked 4 hours and 44 minutes for Fioretti and/or Mountain.

643.     On December 29, 2014, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

644.     On December 30, 2014, Plaintiff worked 4 hours and 21 minutes for Fioretti and/or Mountain.

645.     On December 31, 2014, Plaintiff worked 3 hours and 23 minutes for Fioretti and/or Mountain.

646.     On January 1, 2015, Plaintiff worked 1 hour and 54 minutes for Fioretti and/or Mountain.

647. On January 2, 2015, Plaintiff worked 5 hours and 8 minutes for Fioretti and/or Mountain.

648. On January 3, 2015, Plaintiff worked 4 hours and 33 minutes for Fioretti and/or Mountain.

649. Plaintiff submitted the hours listed above in paragraphs 642-648 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

650. Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 642-648 during Plaintiff's employment.

651. Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 642-648 for the week December 28, 2014 to January 3, 2015.

**Week of January 4, 2015 to January 10, 2015**

652. On January 4, 2015, Plaintiff worked 0 hours and 52 minutes for Fioretti and/or Mountain.

653. On January 5, 2015, Plaintiff worked 7 hours and 54 minutes for Fioretti and/or Mountain.

654. On January 6, 2015, Plaintiff worked 11 hours and 17 minutes for Fioretti and/or Mountain.

655. On January 7, 2015, Plaintiff worked 10 hours and 5 minutes for Fioretti and/or Mountain.

656. On January 8, 2015, Plaintiff worked 9 hours and 16 minutes for Fioretti and/or Mountain.

657.     On January 9, 2015, Plaintiff worked 11 hours and 10 minutes for Fioretti and/or Mountain.

658.     On January 10, 2015, Plaintiff worked 10 hours and 0 minutes for Fioretti and/or Mountain.

659.     Plaintiff submitted the hours listed above in paragraphs 652-658 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

660.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 652-658 during Plaintiff's employment.

661.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 652-658 for the week January 4, 2015 to January 10, 2015.

**Week of January 11, 2015 to January 17, 2015**

662.     On January 11, 2015, Plaintiff worked 1 hours and 47 minutes for Fioretti and/or Mountain.

663.     On January 12, 2015, Plaintiff worked 12 hours and 4 minutes for Fioretti and/or Mountain.

664.     On January 13, 2015, Plaintiff worked 9 hours and 30 minutes for Fioretti and/or Mountain.

665.     On January 14, 2015, Plaintiff worked 10 hours and 41 minutes for Fioretti and/or Mountain.

666.     On January 15, 2015, Plaintiff worked 8 hours and 40 minutes for Fioretti and/or Mountain.

667.     On January 16, 2015, Plaintiff worked 10 hours and 6 minutes for Fioretti and/or Mountain.

668.     On January 17, 2015, Plaintiff worked 5 hours and 32 minutes for Fioretti and/or Mountain.

669.     Plaintiff submitted the hours listed above in paragraphs 662-668 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

670.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 662-668 during Plaintiff's employment.

671.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 662-668 for the week January 11, 2015 to January 17, 2015.

**Week of January 18, 2015 to January 24, 2015**

672.     On January 18, 2015, Plaintiff worked 5 hours and 32 minutes for Fioretti and/or Mountain.

673.     On January 19, 2015, Plaintiff worked 11 hours and 12 minutes for Fioretti and/or Mountain.

674.     On January 20, 2015, Plaintiff worked 6 hours and 32 minutes for Fioretti and/or Mountain.

675.     On January 21, 2015, Plaintiff worked 9 hours and 4 minutes for Fioretti and/or Mountain.

676.     On January 22, 2015, Plaintiff worked 10 hours and 2 minutes for Fioretti and/or Mountain.

677.    On January 23, 2015, Plaintiff worked 9 hours and 43 minutes for Fioretti and/or Mountain.

678.    On January 24, 2015, Plaintiff worked 1 hours and 12 minutes for Fioretti and/or Mountain.

679.    Plaintiff submitted the hours listed above in paragraphs 672-678 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

680.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 672-678 during Plaintiff's employment.

681.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 672-678 for the week January 18, 2015 to January 24, 2015.

**Week of January 25, 2015 to January 31, 2015**

682.    On January 25, 2015, Plaintiff worked 1 hours and 31 minutes for Fioretti and/or Mountain.

683.    On January 26, 2015, Plaintiff worked 16 hours and 18 minutes for Fioretti and/or Mountain.

684.    On January 27, 2015, Plaintiff worked 14 hours and 54 minutes for Fioretti and/or Mountain.

685.    On January 28, 2015, Plaintiff worked 10 hours and 59 minutes for Fioretti and/or Mountain.

686.    On January 29, 2015, Plaintiff worked 6 hours and 8 minutes for Fioretti and/or Mountain.

687.	On January 30, 2015, Plaintiff worked 11 hours and 16 minutes for Fioretti and/or Mountain.

688.	On January 31, 2015, Plaintiff worked 8 hours and 7 minutes for Fioretti and/or Mountain.

689.	Plaintiff submitted the hours listed above in paragraphs 682-688 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

690.	Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 682-688 during Plaintiff's employment.

691.	Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 682-688 for the week January 25, 2015 to January 31, 2015.

**Week of February 1, 2015 to February 7, 2015**

692.	On February 1, 2015, Plaintiff worked 5 hours and 10 minutes for Fioretti and/or Mountain.

693.	On February 2, 2015, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

694.	On February 3, 2015, Plaintiff worked 8 hours and 3 minutes for Fioretti and/or Mountain.

695.	On February 4, 2015, Plaintiff worked 11 hours and 2 minutes for Fioretti and/or Mountain.

696.	On February 5, 2015, Plaintiff worked 11 hours and 17 minutes for Fioretti and/or Mountain.

697.     On February 6, 2015, Plaintiff worked 9 hours and 48 minutes for Fioretti and/or Mountain.

698.     On February 7, 2015, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

699.     Plaintiff submitted the hours listed above in paragraphs 692-698 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

700.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 692-698 during Plaintiff's employment.

701.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 692-698 for the week February 1, 2015 to February 7, 2015.

**Week of February 8, 2015 to February 14, 2015**

702.     On February 8, 2015, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

703.     On February 9, 2015, Plaintiff worked 15 hours and 7 minutes for Fioretti and/or Mountain.

704.     On February 10, 2015, Plaintiff worked 13 hours and 10 minutes for Fioretti and/or Mountain.

705.     On February 11, 2015, Plaintiff worked 7 hours and 47 minutes for Fioretti and/or Mountain.

706.     On February 12, 2015, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

707.     On February 13, 2015, Plaintiff worked 12 hours and 12 minutes for Fioretti and/or Mountain.

708.     On February 14, 2015, Plaintiff worked 5 hours and 55 minutes for Fioretti and/or Mountain.

709.     Plaintiff submitted the hours listed above in paragraphs 702-708 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

710.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 702-708 during Plaintiff's employment.

711.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 702-708 for the week February 8, 2015 to February 14, 2015.

**Week of February 15, 2015 to February 21, 2015**

712.     On February 15, 2015, Plaintiff worked 9 hours and 2 minutes for Fioretti and/or Mountain.

713.     On February 16, 2015, Plaintiff worked 12 hours and 49 minutes for Fioretti and/or Mountain.

714.     On February 17, 2015, Plaintiff worked 8 hours and 58 minutes for Fioretti and/or Mountain.

715.     On February 18, 2015, Plaintiff worked 7 hours and 5 minutes for Fioretti and/or Mountain.

716.     On February 19, 2015, Plaintiff worked 8 hours and 5 minutes for Fioretti and/or Mountain.

717.    On February 20, 2015, Plaintiff worked 5 hours and 22 minutes for Fioretti and/or Mountain.

718.    On February 21, 2015, Plaintiff worked 5 hours and 53 minutes for Fioretti and/or Mountain.

719.    Plaintiff submitted the hours listed above in paragraphs 712-718 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

720.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 712-718 during Plaintiff's employment.

721.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 712-718 for the week February 15, 2015 to February 21, 2015.

**Week of February 22, 2015 to February 28, 2015**

722.    On February 22, 2015, Plaintiff worked 8 hours and 9 minutes for Fioretti and/or Mountain.

723.    On February 23, 2015, Plaintiff worked 7 hours and 32 minutes for Fioretti and/or Mountain.

724.    On February 24, 2015, Plaintiff worked 8 hours and 5 minutes for Fioretti and/or Mountain.

725.    On February 25, 2015, Plaintiff worked 11 hours and 4 minutes for Fioretti and/or Mountain.

726.    On February 26, 2015, Plaintiff worked 5 hours and 14 minutes for Fioretti and/or Mountain.

727.     On February 27, 2015, Plaintiff worked 11 hours and 45 minutes for Fioretti and/or Mountain.

728.     On February 28, 2015, Plaintiff worked 7 hours and 15 minutes for Fioretti and/or Mountain.

729.     Plaintiff submitted the hours listed above in paragraphs 722-728 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

730.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 722-728 during Plaintiff's employment.

731.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 722-728 for the week February 22, 2015 to February 28, 2015.

**Week of March 1, 2015 to March 7, 2015**

732.     On March 1, 2015, Plaintiff worked 7 hours and 25 minutes for Fioretti and/or Mountain.

733.     On March 2, 2015, Plaintiff worked 10 hours and 13 minutes for Fioretti and/or Mountain.

734.     On March 3, 2015, Plaintiff worked 7 hours and 10 minutes for Fioretti and/or Mountain.

735.     On March 4, 2015, Plaintiff worked 7 hours and 28 minutes for Fioretti and/or Mountain.

736.     On March 5, 2015, Plaintiff worked 8 hours and 0 minutes for Fioretti and/or Mountain.

737. On March 6, 2015, Plaintiff worked 9 hours and 50 minutes for Fioretti and/or Mountain.

738. On March 7, 2015, Plaintiff worked 4 hours and 59 minutes for Fioretti and/or Mountain.

739. Plaintiff submitted the hours listed above in paragraphs 732-738 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

740. Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 732-738 during Plaintiff's employment.

741. Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 732-738 for the week March 1, 2015 to March 7, 2015.

**Week of March 8, 2015 to March 14, 2015**

742. On March 8, 2015, Plaintiff worked 5 hours and 20 minutes for Fioretti and/or Mountain.

743. On March 9, 2015, Plaintiff worked 11 hours and 42 minutes for Fioretti and/or Mountain.

744. On March 10, 2015, Plaintiff worked 7 hours and 49 minutes for Fioretti and/or Mountain.

745. On March 11, 2015, Plaintiff worked 7 hours and 29 minutes for Fioretti and/or Mountain.

746. On March 12, 2015, Plaintiff worked 5 hours and 40 minutes for Fioretti and/or Mountain.

747.    On March 13, 2015, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

748.    On March 14, 2015, Plaintiff worked 1 hour and 59 minutes for Fioretti and/or Mountain.

749.    Plaintiff submitted the hours listed above in paragraphs 742-748 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

750.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 742-748 during Plaintiff's employment.

751.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 742-748 for the week March 8, 2015 to March 14, 2015.

**Week of March 15, 2015 to March 21, 2015**

752.    On March 15, 2015, Plaintiff worked 1 hour and 48 minutes for Fioretti and/or Mountain.

753.    On March 16, 2015, Plaintiff worked 4 hours and 14 minutes for Fioretti and/or Mountain.

754.    On March 17, 2015, Plaintiff worked 12 hours and 38 minutes for Fioretti and/or Mountain.

755.    On March 18, 2015, Plaintiff worked 10 hours and 35 minutes for Fioretti and/or Mountain.

756.    On March 19, 2015, Plaintiff worked 12 hours and 8 minutes for Fioretti and/or Mountain.

757.    On March 20, 2015, Plaintiff worked 8 hours and 9 minutes for Fioretti and/or Mountain.

758.    On March 21, 2015, Plaintiff worked 5 hours and 30 minutes for Fioretti and/or Mountain.

759.    Plaintiff submitted the hours listed above in paragraphs 752-758 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

760.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 752-758 during Plaintiff's employment.

761.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 752-758 for the week March 15, 2015 to March 21, 2015.

**Week of March 22, 2015 to March 28, 2015**

762.    On March 22, 2015, Plaintiff worked 1 hour and 28 minutes for Fioretti and/or Mountain.

763.    On March 23, 2015, Plaintiff worked 9 hours and 39 minutes for Fioretti and/or Mountain.

764.    On March 24, 2015, Plaintiff worked 12 hours and 54 minutes for Fioretti and/or Mountain.

765.    On March 25, 2015, Plaintiff worked 13 hours and 48 minutes for Fioretti and/or Mountain.

766.    On March 26, 2015, Plaintiff worked 12 hours and 55 minutes for Fioretti and/or Mountain.

767. On March 27, 2015, Plaintiff worked 14 hours and 5 minutes for Fioretti and/or Mountain.

768. On March 28, 2015, Plaintiff worked 11 hours and 55 minutes for Fioretti and/or Mountain.

769. Plaintiff submitted the hours listed above in paragraphs 762-768 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

770. Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 762-768 during Plaintiff's employment.

771. Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 762-768 for the week March 22, 2015 to March 28, 2015.

**Week of March 29, 2015 to April 4, 2015**

772. On March 29, 2015, Plaintiff worked 3 hours and 14 minutes for Fioretti and/or Mountain.

773. On March 30, 2015, Plaintiff worked 7 hours and 54 minutes for Fioretti and/or Mountain.

774. On March 31, 2015, Plaintiff worked 7 hours and 36 minutes for Fioretti and/or Mountain.

775. On April 1, 2015, Plaintiff worked 13 hours and 3 minutes for Fioretti and/or Mountain.

776. On April 2, 2015, Plaintiff worked 24 hours and 0 minutes for Fioretti and/or Mountain.

777. On April 3, 2015, Plaintiff worked 19 hours and 59 minutes for Fioretti and/or Mountain.

778. On April 4, 2015, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

779. Plaintiff submitted the hours listed above in paragraphs 772-778 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

780. Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 772-778 during Plaintiff's employment.

781. Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 772-778 for the week March 29, 2015 to April 4, 2015.

**Week of April 5, 2015 to April 11, 2015**

782. On April 5, 2015, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

783. On April 6, 2015, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

784. On April 7, 2015, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

785. On April 8, 2015, Plaintiff worked 9 hours and 3 minutes for Fioretti and/or Mountain.

786. On April 9, 2015, Plaintiff worked 9 hours and 59 minutes for Fioretti and/or Mountain.

Case 3:15-cv-00417   Document 1   Filed 09/08/15   Page 81 of 99

787.    On April 10, 2015, Plaintiff worked 8 hours and 57 minutes for Fioretti and/or Mountain.

788.    On April 11, 2015, Plaintiff worked 7 hours and 56 minutes for Fioretti and/or Mountain.

789.    Plaintiff submitted the hours listed above in paragraphs 782-788 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

790.    Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 782-788 during Plaintiff's employment.

791.    Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 782-788 for the week April 5, 2015 to April 11, 2015.

**Week of April 12, 2015 to April 18, 2015**

792.    On April 12, 2015, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

793.    On April 13, 2015, Plaintiff worked 11 hours and 50 minutes for Fioretti and/or Mountain.

794.    On April 14, 2015, Plaintiff worked 7 hours and 55 minutes for Fioretti and/or Mountain.

795.    On April 15, 2015, Plaintiff worked 10 hours and 33 minutes for Fioretti and/or Mountain.

796.    On April 16, 2015, Plaintiff worked 10 hours and 2 minutes for Fioretti and/or Mountain.

797. On April 17, 2015, Plaintiff worked 8 hours and 33 minutes for Fioretti and/or Mountain.

798. On April 18, 2015, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

799. Plaintiff submitted the hours listed above in paragraphs 792-798 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

800. Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 792-798 during Plaintiff's employment.

801. Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 792-798 for the week April 12, 2015 to April 18, 2015.

**Week of April 19, 2015 to April 25, 2015**

802. On April 19, 2015, Plaintiff worked 4 hours and 36 minutes for Fioretti and/or Mountain.

803. On April 20, 2015, Plaintiff worked 9 hours and 17 minutes for Fioretti and/or Mountain.

804. On April 21, 2015, Plaintiff worked 7 hours and 34 minutes for Fioretti and/or Mountain.

805. On April 22, 2015, Plaintiff worked 7 hours and 44 minutes for Fioretti and/or Mountain.

806. On April 23, 2015, Plaintiff worked 12 hours and 19 minutes for Fioretti and/or Mountain.

Case 3:15-cv-00417   Document 1   Filed 09/08/15   Page 83 of 99

807.	On April 24, 2015, Plaintiff worked 9 hours and 37 minutes for Fioretti and/or Mountain.

808.	On April 25, 2015, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

809.	Plaintiff submitted the hours listed above in paragraphs 802-808 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

810.	Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 802-808 during Plaintiff's employment.

811.	Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 802-808 for the week April 19, 2015 to April 25, 2015.

**Week of April 26, 2015 to May 2, 2015**

812.	On April 26, 2015, Plaintiff worked 2 hours and 2 minutes for Fioretti and/or Mountain.

813.	On April 27, 2015, Plaintiff worked 13 hours and 32 minutes for Fioretti and/or Mountain.

814.	On April 28, 2015, Plaintiff worked 9 hours and 9 minutes for Fioretti and/or Mountain.

815.	On April 29, 2015, Plaintiff worked 8 hours and 0 minutes for Fioretti and/or Mountain.

816.	On April 30, 2015, Plaintiff worked 11 hours and 43 minutes for Fioretti and/or Mountain.

817.     On May 1, 2015, Plaintiff worked 12 hours and 11 minutes for Fioretti and/or Mountain.

818.     On May 2, 2015, Plaintiff worked 8 hours and 47 minutes for Fioretti and/or Mountain.

819.     Plaintiff submitted the hours listed above in paragraphs 812-818 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

820.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 812-818 during Plaintiff's employment.

821.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 812-818 for the week April 26, 2015 to May 2, 2015.

**Week of May 3, 2015 to May 9, 2015**

822.     On May 3, 2015, Plaintiff worked 5 hours and 12 minutes for Fioretti and/or Mountain.

823.     On May 4, 2015, Plaintiff worked 6 hours and 33 minutes for Fioretti and/or Mountain.

824.     On May 5, 2015, Plaintiff worked 7 hours and 2 minutes for Fioretti and/or Mountain.

825.     On May 6, 2015, Plaintiff worked 0 hours and 15 minutes for Fioretti and/or Mountain.

826.     On May 7, 2015, Plaintiff worked 9 hours and 5 minutes for Fioretti and/or Mountain.

827.     On May 8, 2015, Plaintiff worked 7 hours and 5 minutes for Fioretti and/or Mountain.

828.     On May 9, 2015, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

829.     Plaintiff submitted the hours listed above in paragraphs 822-828 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

830.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 822-828 during Plaintiff's employment.

831.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 822-828 for the week May 3, 2015 to May 9, 2015.

**Week of May 10, 2015 to May 16, 2015**

832.     On May 10, 2015, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

833.     On May 11, 2015, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

834.     On May 12, 2015, Plaintiff worked 5 hours and 28 minutes for Fioretti and/or Mountain.

835.     On May 13, 2015, Plaintiff worked 3 hours and 47 minutes for Fioretti and/or Mountain.

836.     On May 14, 2015, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

837.     On May 15, 2015, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

838.     On May 16, 2015, Plaintiff worked 3 hours and 59 minutes for Fioretti and/or Mountain.

839.     Plaintiff submitted the hours listed above in paragraphs 832-838 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

840.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 832-838 during Plaintiff's employment.

841.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 832-838 for the week May 10, 2015 to May 16, 2015.

**Week of May 17, 2015 to May 23, 2015**

842.     On May 17, 2015, Plaintiff worked 7 hours and 38 minutes for Fioretti and/or Mountain.

843.     On May 18, 2015, Plaintiff worked 6 hours and 44 minutes for Fioretti and/or Mountain.

844.     On May 19, 2015, Plaintiff worked 5 hours and 42 minutes for Fioretti and/or Mountain.

845.     On May 20, 2015, Plaintiff worked 0 hours and 0 minutes for Fioretti and/or Mountain.

846.     On May 21, 2015, Plaintiff worked 9 hours and 53 minutes for Fioretti and/or Mountain.

847. On May 22, 2015, Plaintiff worked 9 hours and 29 minutes for Fioretti and/or Mountain.

848. On May 23, 2015, Plaintiff worked 5 hours and 20 minutes for Fioretti and/or Mountain.

849. Plaintiff submitted the hours listed above in paragraphs 842-848 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

850. Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 842-848 during Plaintiff's employment.

851. Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 842-848 for the week May 17, 2015 to May 23, 2015.

**Week of May 24, 2015 to May 30, 2015**

852. On May 24, 2015, Plaintiff worked 2 hours and 51 minutes for Fioretti and/or Mountain.

853. On May 25, 2015, Plaintiff worked 11 hours and 50 minutes for Fioretti and/or Mountain.

854. On May 26, 2015, Plaintiff worked 9 hours and 17 minutes for Fioretti and/or Mountain.

855. On May 27, 2015, Plaintiff worked 9 hours and 55 minutes for Fioretti and/or Mountain.

856. On May 28, 2015, Plaintiff worked 10 hours and 21 minutes for Fioretti and/or Mountain.

857.     On May 29, 2015, Plaintiff worked 12 hours and 02 minutes for Fioretti and/or Mountain.

858.     On May 30, 2015, Plaintiff worked 7 hours and 6 minutes for Fioretti and/or Mountain.

859.     Plaintiff submitted the hours listed above in paragraphs 852-858 to Fioretti's and/or Mountain's accounting or payroll department during her employment.

860.     Neither Fioretti, nor any employee of Mountain, contested Plaintiff's hours as listed above in paragraphs 852-858 during Plaintiff's employment.

861.     Neither Fioretti nor Mountain kept "clock-in / clock out" records or other time-keeping records that show Plaintiff's hours as being different from those listed in paragraphs 852-858 for the week May 24, 2015 to May 30, 2015.

**Plaintiff Complains; Fioretti and Mountain Retaliate**

862.     As stated above, when Plaintiff went to work for Fioretti full-time, Plaintiff and Fioretti agreed to a rate of pay of $2200 bi-weekly in return for 40 hours of work per week.

863.     As shown above, however, Fioretti routinely required Plaintiff to work in excess of the agreed upon 40 hours per week.

864.     Neither Fioretti nor Mountain paid Plaintiff overtime pay for the hours that Plaintiff worked in excess of 40 hours per week.

865.     As a result, Plaintiff repeatedly complained to Fioretti about the fact that she was not being compensated for the substantial number of overtime hours that she was working.

866. At first, Fioretti seemed sympathetic to Plaintiff's complaints concerning her hours. He responded to her complaints by saying that he would require her to work less hours and that he would address her compensation for the excess hours she had already worked.

867. However, despite Fioretti's responses, nothing changed. Fioretti continued to require Plaintiff to work in excess of 40 hours per week without paying her overtime.

868. By May of 2015, Plaintiff could not take it anymore. She was being required to work a tremendous number of hours without proper compensation, and Fioretti continued to call, email, and text her at all hours or the day and night.

869. Plaintiff told Fioretti that unless he addressed her hours and compensation as he said he would do, she would be forced to resign her employment. In response Fioretti stated in a condescending tone: "I pay you plenty."

870. In addition, Fioretti told Plaintiff that, if she continued to complain, he would require her to pay back the portion of her compensation that he had previously designated as "expense reimbursement."

871. After attempting, repeatedly, to professionally address her hours and compensation with Fioretti, and after he repeatedly refused to remedy the situation, Plaintiff resigned her employment.

872. Thereafter, Plaintiff continued to complain to Fioretti and other Mountain employees that she had not been paid for the substantial amount of overtime that she had worked.

873.     In response, Fioretti wrote an email to Plaintiff telling her that Mountain's General Counsel, John Curry, had determined that Plaintiff was an "exempt" employee under the FLSA and, therefore, was not entitled to overtime pay.

874.     Specifically, Fioretti informed Plaintiff that Curry had determined that Plaintiff qualified for the "Administrative Exemption" under the FLSA.

875.     Plaintiff does not qualify for the "Administrative Exemption" under the FLSA.

876.     Fioretti and Curry falsely informed Plaintiff that she qualified for the "Administrative Exemption" under the FLSA to mislead Plaintiff and dissuade her from asserting her rights under the FLSA.

877.     Fioretti and Mountain also began a shocking campaign of retaliation against Plaintiff after she resigned her employed and complained that she had been treated unlawfully in connection with her hours and pay.

878.     First, Mountain's CFO, Kevin Mast, demanded in writing that Plaintiff pay back over $25,000 of her compensation, allegedly on the ground that she had not properly documented her expenses.

879.     Shortly thereafter, Plaintiff's counsel sent a "demand letter" to Fioretti and Mountain informing them that Plaintiff's counsel represented Plaintiff in connection with her prior employment with Fioretti and Mountain and that Plaintiff intended to assert claims under the FLSA.

880.     In response, John Curry, General Counsel of Mountain, wrote an email directly to Plaintiff without including her counsel on the communication.  In the email, Mr. Curry threatened to have Plaintiff arrested, allegedly for stealing Fioretti's passport.

91

881.    Plaintiff did not steal Fioretti's passport.  Fioretti and Curry simply trumped up this accusation in an effort to retaliate against Plaintiff and to dissuade her from bringing her FLSA claims.

882.    Thereafter, the parties and their counsel engaged in discussions concerning the anticipated claims and defenses that would be asserted in this action.

883.    When those discussions did not result in a resolution of this dispute, Plaintiff's counsel informed Defendants' counsel that Plaintiff intended to file a complaint and requested that Defendants accept service of process of the complaint.

884.    In response, Defendants' counsel stated that Defendants intended to bring a "third-party" claim against Plaintiff's "boyfriend" in the event that Plaintiff filed her complaint.  At the time they made this threat, Defendants were unaware that Plaintiff and the boyfriend Defendants referenced are no longer together.

885.    This purported "third-party" claim against Plaintiff's ex-boyfriend was threatened in further retaliation for Plaintiff's claims in this action.  Defendants threatened this "third-party" action out of malice and as part of their continuing retaliatory effort to dissuade Plaintiff from asserting her rights under the FLSA.

886.    Upon information and belief, this retaliatory campaign is being directed by Fioretti, whose apparent *modus operandi* is to try to use his substantial resources to try and bully people who he owes money to but believes is weaker than him.

887.    Based on their attempts to retaliate against Plaintiff, and their threats to bring counter-claims and third-party claims against Plaintiff and her ex-boyfriend, it is apparent that Defendants are embarking on a scorched-earth litigation strategy in an effort to avoid paying Plaintiff her lawfully owed compensation.

888.    Upon information and belief, this strategy is being driven by Fioretti, who is apparently utilizing the strategy in an attempt to prove (perhaps to himself) that he is tougher than his former housekeeper/nanny and can bully his way out of his FLSA liability.

889.    Fioretti and Mountain cannot bully their way around the facts.  They owe Plaintiff her lawful compensation for the substantial number of overtime hours that she worked.

890.    Defendants should be held liable for their unlawful conduct under the FLSA and should be required to pay Plaintiff her rightful overtime compensation.

891.    In addition, Defendants should be required to pay Plaintiff substantial emotional distress and punitive damages for the unlawful retaliatory campaign they directed at her in an effort to bully her out of enforcing her rights under the FLSA.

892.    Fioretti and Mountain are jointly and severally liable for the damages Plaintiffs have suffered as a result of the allegations set forth in this action.  Defendants unlawful conduct was willful and without justification.

893.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to declaratory relief, unpaid overtime pay and other unpaid wages, statutory and liquidated damages, pre-judgment and post-judgment interest, injunctive relief, reasonable attorneys' fees and the costs, nominal damages (if other monetary damages are not awarded) and such other, further, and different relief as the Court deems just and proper.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages

894.    Plaintiff realleges and reiterates the allegations contained in all preceding paragraphs.

93

895.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and the supporting federal regulations and implementing caselaw, apply to Defendants and protect Plaintiff with respect to overtime compensation.

896.    Plaintiff routinely worked in excess of 40 hours per week during the relevant period.

897.    Defendants failed to pay Plaintiff overtime pay for the hours she worked in excess of 40 hours per week.

898.     Defendants failed to pay Plaintiffs one-and-one-half times the full minimum wage for all work in excess of 40 hours per workweek.

899.    Defendants' unlawful conduct has been willful and intentional. Defendants were aware of should have been aware that the employment practices they undertook as described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA.

900.    As a result of Defendants' willful and intentional conduct, Plaintiff has suffered damages by being deprived of overtime compensation in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated and statutory damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et. seq*.

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Retaliation

901.    Plaintiff realleges and reiterates the allegations contained in all preceding paragraphs.

902.     The provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et. seq*., and the supporting federal regulations and implementing caselaw, apply to Defendants and protect Plaintiff from unlawful retaliation.

903.     Plaintiff repeatedly complained about conduct of Defendants that violated the FLSA, including that she had not been paid for her overtime hours.

904.     In response, Defendants engaged in a campaign of retaliation by, among other things, demanding Plaintiff return a portion of her lawfully owed compensation, threatening to have her arrested, threatening to bring counterclaims against her, and threatening to bring a third-party claim against Plaintiff's (now ex) boyfriend.

905.     Defendants' conduct constitutes unlawful retaliation under the FLSA.

906.     Defendants' unlawful conduct has been willful and intentional. Defendants were aware of should have been aware that the employment practices they undertook as described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA.

907.     As a result of Defendants' willful and intentional conduct, Plaintiff has suffered damages in amounts to be determined at trial, and is entitled to recovery of such amounts, compensatory damages, emotional distress damages, liquidated and statutory damages, punitive damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs, and other compensation.

### THIRD CAUSE OF ACTION
### N.C. Wage and Hour Act – Overtime Wages

908.     Plaintiff realleges and reiterates the allegations contained in all preceding paragraphs.

95

909.    The overtime wage provisions set forth in the North Carolina Wage and Hour Act, N.C. Gen. Stat. §95-25 *et. seq.* ("NCWHA"), apply to Defendants and protect Plaintiff with respect to overtime compensation.

910.    Plaintiff routinely worked in excess of 40 hours per week during the relevant period.

911.    Defendants failed to pay Plaintiff overtime pay for the hours she worked in excess of 40 hours per week.

912.     Defendants failed to pay Plaintiffs one-and-one-half times the full minimum wage for all work in excess of 40 hours per workweek.

913.    Defendants' unlawful conduct has been willful and intentional. Defendants were aware of should have been aware that the employment practices they undertook as described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the NCWHA.

914.    As a result of Defendants' willful and intentional conduct, Plaintiff has suffered damages by being deprived of overtime compensation in accordance with the NCWHA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated and statutory damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs, and other compensation pursuant to the NCWHA.

### FOURTH CAUSE OF ACTION
### N.C. Wage and Hour Act – Retaliation

915.    Plaintiff realleges and reiterates the allegations contained in all preceding paragraphs.

916.     The provisions set forth in the NCHWA, N.C. Gen. Stat. §95-25 *et. seq.*, and the implementing caselaw apply to Defendants and protect Plaintiff from unlawful retaliation.

917.     Plaintiff repeatedly complained about conduct of Defendants that violated the NCWHA, including that she had not been paid for her overtime hours.

918.     In response, Defendants engaged in a campaign of retaliation by, among other things, demanding Plaintiff return a portion of her lawfully owed compensation, threatening to have her arrested, threatening to bring counterclaims against her, and threatening to bring a third-party claim against Plaintiff's (now ex) boyfriend.

919.     Defendants' conduct constitutes unlawful retaliation under the NCWHA.

920.     Defendants' unlawful conduct has been willful and intentional. Defendants were aware of should have been aware that the employment practices they undertook as described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the NCWHA.

921.     As a result of Defendants' willful and intentional conduct, Plaintiff has suffered damages in amounts to be determined at trial, and is entitled to recovery of such amounts, compensatory damages, emotional distress damages, liquidated and statutory damages, punitive damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs, and other compensation.

## <u>FIFTH CAUSE OF ACTION</u>
### N.C. Retaliation In Employment Discrimination Act– Retaliation

922.     Plaintiff realleges and reiterates the allegations contained in all preceding paragraphs.

Case 3:15-cv-00417   Document 1   Filed 09/08/15   Page 97 of 99

923.     The provisions set forth in the North Carolina Retaliation In Employment Discrimination Act, N.C. Gen. Stat. §95-25 *et. seq.* (REDA) and the implementing caselaw apply to Defendants and protect Plaintiff from unlawful retaliation.

924.     Plaintiff repeatedly complained about conduct of Defendants that violated the NCWHA and other wage and hour laws, including that she had not been paid for her overtime hours.

925.     In response, Defendants engaged in a campaign of retaliation by, among other things, demanding Plaintiff return a portion of her lawfully owed compensation, threatening to have her arrested, threatening to bring counterclaims against her, and threatening to bring a third-party claim against Plaintiff's (now ex) boyfriend.

926.     Defendants' conduct constitutes unlawful retaliation under the REDA.

927.     Defendants' unlawful conduct has been willful and intentional. Defendants were aware of should have been aware that the employment practices they undertook as described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the REDA.

928.     As a result of Defendants' willful and intentional conduct, Plaintiff has suffered damages in amounts to be determined at trial, and is entitled to recovery of such amounts, compensatory damages, emotional distress damages, liquidated and statutory damages, punitive damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs, and other compensation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

Case 3:15-cv-00417   Document 1   Filed 09/08/15   Page 98 of 99

(a)     declaratory relief declaring that Defendants have violated the FLSA, the NCWHA, and REDA;

(b)     unpaid wages and overtime pay, and an additional amount as liquidated damages pursuant to the FLSA (and the supporting United States Department of Labor Regulations) and the NCWHA;

(c)     compensatory, emotional distress damages, and punitive damages;

(d)     all damages allowable by law, statute, rule or regulation;

(e)     pre-judgment and post-judgment interest;

(f)     (i) an injunction requiring Defendants to pay the damages awarded to Plaintiff in this action; and (ii) an injunction requiring Defendants to cease the unlawful activity and conduct described in this Complaint;

(g)     reasonable attorneys' fees and costs of the action;

(h)     nominal damages, if other monetary damages are not awarded; and

(i)     such other, further, or different relief as the Court deems just or equitable.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues permitted to be tried by a jury.

Dated: September 8, 2015                    Respectfully Submitted,

                                            **STRIANESE, PLLC**

                                            By:/s/ Christopher R. Strianese
                                                Christopher R. Strianese, Esq.
                                                NC Bar # 46918
                                                chris@strilaw.com

                                                401 North Tryon Street
                                                10th Floor
                                                Charlotte, North Carolina 28202
                                                tel. 704-998-2577
                                                *Attorney for Plaintiff*

99