IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-417-RJC-DCK

| | |
|---|---|
| ANNE BACLAWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| MOUNTAIN REAL ESTATE CAPITAL LLC, MOUNTAIN ASSET MANAGEMENT GROUP LLC, AND PETER FIORETTI, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Mountain Real Estate Capital LLC's Motion To Compel" (Document No. 19). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant in part and deny in part the motion.

## BACKGROUND

Anne Baclawski ("Baclawski" or "Plaintiff") initiated this action on September 8, 2015. (Document No. 1). Plaintiff contends that Defendants violated the Fair Labor Standards Act and the N.C. Wage and Hour Act by failing to pay Plaintiff time and a half for hours worked during the course of her employment, and by unlawfully retaliating against the Plaintiff. See (Document No. 1). Plaintiff's "First Amended Complaint" (Document No. 14) was filed on November 21, 2015, and asserts five (5) causes of action against Defendants. The "Answer to Amended

Complaint by Peter Fioretti, Mountain Asset Management Group LLC, and Mountain Real Estate Capital LLC" (Document No. 15) was filed on December 14, 2015.

On January 6, 2016, the Court entered a "Pretrial Order And Case Management Plan" (Document No. 18). The Court set case deadlines as follows: discovery completion – July 15, 2016; mediation – August 5, 2016; motions deadline – September 16, 2016; and trial – January 9, 2017. (Document No. 18).

"Defendant Mountain Real Estate Capital LLC's Motion To Compel" (Document Nos. 19 and 20) was filed on May 4, 2016. The pending motion seeks to compel Plaintiff "to permit Mountain Real Estate to inspect, copy, test, and sample *any* cell phone or other electronic device used by Plaintiff while she worked for any Defendant," as well as to require Plaintiff to supplement her responses to Defendant's First Set of Interrogatories, First Request for Production, and First Request for Inspection to Plaintiff. (Document No. 19, p.4) (emphasis added). "Plaintiff's Brief In Opposition To Defendant's Motion To Compel" (Document No. 21) was filed on May 20, 2016. On May 31, 2016, Defendant's reply brief was filed. (Document No. 22).

The pending motion is now fully briefed and ripe for review and disposition.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

2

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same). A party's failure to provide or permit discovery may result in sanctions including the following: reasonable expenses caused by the failure; default judgment against the disobedient party; or treating as contempt of court the failure to obey any order. See Fed.R.Civ.P. 37(b)(2)(a) and (d).

## DISCUSSION

### A. Mobile Devices and Computers

Defendant first seeks an Order to compel Plaintiff to permit Mountain Real Estate to inspect, copy, test, and sample any cell phone or other electronic device used by Plaintiff while she worked for any Defendant, including cell phones and other electronic devices Plaintiff used to keep track of the hours she worked. (Document No. 19, p. 4). Defendant argues that the summary of the "Time Recording" application on Plaintiff's phone is insufficient to prove the hours Plaintiff worked. (Document No. 22, p. 1). Defendant argues that inspecting and copying the cell phones and other electronic devices Plaintiff used during the period when she worked for any Defendant would allow Mountain Real Estate to "review the detailed breakdowns of the time clock

3

application Plaintiff used to track the hours she worked." (Document No. 20, p. 6). Defendant seeks to use information such as text messages, photographs, GPS information and other data to determine if Plaintiff was working during the time periods claimed on the Time Recording report. (Document No. 20, p. 6).

In support of Defendant's motion to compel, Defendant cites cases in which the parties were compelled to allow forensic inspection of computers. See, e.g., Hardin v. Belmont Textile Mach. Co., 2007 WL 2300795 (W.D.N.C. Aug. 7, 2007) (enforcing a subpoena served by one party on another, and allowing inspection of a party/former employee's personal computer); Orrell v. Motorcarparts of Am., Inc., 2007 WL 4287750 (W.D.N.C. Dec. 5, 2007) (finding that the defendant was entitled to conduct a forensic examination of the plaintiff's home computer).

Plaintiff responds that Defendant's request seeking to image and review Plaintiff's entire cell phone and personal computer is overbroad, unreasonable, and not calculated to lead to the discovery of admissible evidence. (Document No. 21, p. 6). In particular, Plaintiff asserts her cell phone and computer contain information including "health records, family photographs, banking and social security information, texts and email communications with family and friends, etc. that have nothing to do with claims or defense in the action." (Document No. 21, p. 6).

Plaintiff also notes she has agreed to provide Defendants with email communications responsive to Defendant's document requests, the detailed reports from the "Time Recording" application, and an image of the "Time Recording" application, to the extent that it is technologically feasible. (Document No. 21, p. 7). Plaintiff has attached a summary of her time recording to her response. (Document No. 21-1).

The undersigned finds that Defendant's request to image the entirety of Plaintiff's cell phones and personal computers is outside the scope of discovery because the request is

4

substantially overbroad.  As Plaintiff notes, there is a large amount of information Defendant is requesting, such as a significant number of text messages or photographs that are not important with respect to resolving the issues in this case.

Defendant's caselaw is not persuasive on this matter.  In Hardin, this Court did allow forensic examination of a computer, but also issued a Protective Order for the Hardins' personal, non-business information.  Hardin, 2007 WL 2300795, at *5.  Defendant's use of Orrell is also not analogous to this situation, because there this Court allowed a forensic examination based on allegations that Plaintiff had failed to uphold the duty to preserve evidence.  Orrell, 2007 WL 4287750, at *6-7.  Furthermore, Orrell required a forensic examination to discover alleged evidence of sexual harassment.  Orrell, 2007 WL 4287750, at *1 ("Plaintiff contends that some of the harassment was in the form of 'pornographic' and 'offensive' emails she was sent by co-workers and customers.").

Although the undersigned is not convinced Plaintiff should be compelled to allow Defendant to completely image her phones and computers, Defendant should be able to obtain specific information from Plaintiff's devices that is helpful to the case.  Defendant has already been provided the summary of the "Time Recording" application, and has been promised an image of the application by the Plaintiff, to the extent technologically feasible.  (Document No. 21, p. 2). The undersigned acknowledges that Defendant raises valid concerns as to ensuring the "Time Recording" application was functioning properly.

Therefore, the undersigned finds Plaintiff must either provide Defendant with an image of the "Time Recording" application, or provide notice that they have ascertained it to be technologically infeasible to do so on or before **June 24, 2016**.

5

Case 3:15-cv-00417-RJC-DCK   Document 25   Filed 06/10/16   Page 5 of 9

### B. Tax Returns

Next, Defendant seeks production of Plaintiff's tax returns. Defendant first argues that tax returns "are not privileged and are generally subject to discovery." (Document No. 22, p. 5) (citing Donin v. McAloon, 2011 WL 1897420, *5 (W.D.N.C. May 18, 2011)). Defendant then contends that Plaintiff's reported income and self-characterization of her employment during the years she worked for any Defendant are directly relevant to her present claims that she was an employee of all Defendants, was not an independent contractor, and that she is owed back pay. (Document No. 20, p. 8).

Plaintiff argues in response that tax returns are discoverable only if the information contained in them "is not available from other sources." (Document No. 21, p. 10) (citing Interstate Narrow Fabrics, Inc. v. Century USA, Inc., 2004 WL 444570, *2 (M.D.N.C. Feb. 24, 2004)). Plaintiff then asserts that any information contained in Plaintiff's tax returns "would be duplicative of the information contained in the 1099s and W2s Defendants issued to Plaintiff." (Document No. 21, p. 10).

The undersigned is persuaded that the Plaintiff's tax returns are relevant to discovering the Plaintiff's own understanding of her status as either an employee or an independent contractor, which cannot be ascertained by the 1099 and W2 records issued and maintained by Defendants. Thus, Request for Production No. 10 is relevant in helping to resolve Plaintiff's claims. Plaintiff shall provide the requested tax documents on or before **June 24, 2016**.

### C. Interrogatories

Defendant seeks more detailed answers to Interrogatory Nos. 10 and 11, which ask the Plaintiff to provide the amount and detailed method of calculation for all of Plaintiff's damages,

6

including the amount of overtime wages being sought and other categories of damages. (Document No. 19-1, p. 5). Defendant argues that the calculation for all of Plaintiff's damages addresses the parties' respective claims and defenses, given the dispute over the number of hours worked and compensation rate. (Document No. 20, p. 7).

Plaintiff responds that she had already previously provided a damages calculation of $65,000 – $115,000 in overtime wages owed, based on the documents in her possession. (Document No. 21, p. 8). She further responds that she is unable to calculate the precise amount of wages she is owed because the Defendants are in exclusive possession of the Plaintiff's payroll documents and records. (Document No. 21, p. 8).

The undersigned will deny the motion to compel without prejudice as to Plaintiff's damages calculations. Plaintiff shall supplement and/or narrow her calculations as soon as possible.

Defendant also seeks to compel Plaintiff to respond more fully to Interrogatory Nos. 13-16, which ask Plaintiff to provide her full factual support for the allegation that the Mecklenburg County Superior Court action was filed out of malice, and to identify every retaliatory act taken against her by each respective Defendant in the case. (Document No. 19-1, pp. 5-6). Defendant argues that Plaintiff's own allegations of retaliatory action by Defendants are directly relevant to her claims and should thus be compelled. (Document No. 20, p. 7).

Plaintiff responds that the factual basis for the allegation of malice and impeding Plaintiff's rights under FLSA, as well as details of Defendants' other acts of retaliation, are provided in paragraphs 862-888 of her Amended Complaint. (Document No. 21, p. 9). In her Amended Complaint, Plaintiff notes the timing of the suit as evidence of malice. (Document No. 14, p. 92). In addition to referring Defendant to her Amended Complaint, Plaintiff also asserts that the action

7

was filed "for the purpose of creating additional time, cost, expense, and burden on Plaintiff to pursue her rights under FLSA." (Document No. 19-2, p. 9). Plaintiff also provided a supplemental response to Interrogatory Nos. 14-16 in her response to the motion to compel, detailing the specific acts of retaliation she was alleging in her complaint. (Document No. 21-2).

The undersigned is satisfied that Plaintiff has fulfilled her obligation to answer Interrogatory Nos. 13-16. The undersigned denies without prejudice Defendant's motion to compel as it concerns Interrogatory Nos. 13-16. Plaintiff shall supplement her responses as appropriate.

Finally, Defendant also seeks to compel Plaintiff to respond to Interrogatory 19, which asks Plaintiff to "[i]dentify every time that you traveled in connection with your work for Defendants, including the dates and locations for each." (Document 19-1, p. 6). In reply to Plaintiff's brief, Defendant seeks to distinguish business travel from travel associated with everyday work, such as errands. (Document No. 22, p. 5). Defendant suggests that identifying "trips to other cities and countries, any extended travel, or even the places she 'routinely' traveled in connection with her work" would not be unduly burdensome.

Plaintiff argues that a substantial part of Plaintiff's job duties for Fioretti required her to travel from one place to another, involving travel daily, if not multiple times a day. (Document No. 21, p. 9). Plaintiff argues this request is unduly burdensome, and that it is not feasible for Plaintiff to identify by date and location every place she traveled to or from in over a year that she worked for Defendant. (Document No. 21, p. 9). Plaintiff further offered to provide information on any specific travel or trips in which the Defendant was interested, if reasonable. (Document No. 21, pp. 9-10).

The undersigned finds that, given Plaintiff's responsibility for taking care of Defendant Fioretti's personal residences, as well as for running errands for Defendants, the request under Interrogatory 19 that Plaintiff identify "*every time*" she traveled in connection with work, including dates and locations, is unduly burdensome. (Document 19-1, p. 6) (emphasis added). Defendant failed to distinguish between "travel," "errands," and "extended travel" in Interrogatory 19.

The undersigned denies without prejudice the Defendant's motion to compel with respect to Interrogatory 19.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant Mountain Real Estate Capital LLC's Motion To Compel" (Document No. 19) is **GRANTED IN PART** and **DENIED IN PART** as directed herein.

**IT IS FURTHER ORDERED** that Defendant's request for costs and expenses is **DENIED**.

Signed: June 10, 2016

David C. Keesler
United States Magistrate Judge

9

Case 3:15-cv-00417-RJC-DCK   Document 25   Filed 06/10/16   Page 9 of 9