# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-417-DCK

| | |
|---|---|
| ANNE BACLAWSKI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MOUNTAIN REAL ESTATE CAPITAL )<br>LLC; MOUNTAIN ASSET MANAGEMENT )<br>GROUP LLC; and PETER FIORETTI, )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** regarding pending motions *in limine*, and to bifurcate (Document Nos. 89, 94, and 95), and general trial preparation. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate.

The undersigned notes that pursuant to the "Pretrial Order And Case Management Plan" (Document No. 18), the parties had several obligations to fulfill on or before October 17, 2017 in preparation for a final pretrial conference on October 24, 2017, and a trial on October 31, 2017. See (Document No. 18, pp.6-7). It does not appear that the parties have executed all these obligations in good faith and as required by the Pretrial Order and the Local Rules of this Court.

The undersigned's concerns include the following:

1. The Pretrial Order directs the parties to "[a]gree upon the issues, reduce them to writing, and file them with the Court." (Document No. 18, p.5). If the parties cannot agree, they shall file their own version of the issues. Id. Here, it appears that the parties largely agree

on the issues, but failed to confer and/or file them jointly with the Court. See (Document Nos. 85 and 90).

2. The parties were also required to agree on stipulations of fact and file them with the Court. (Document No. 18, p.6). "The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case." Id. In this instance, the parties did make a joint filing of stipulations; however, the parties **only stipulate to three (3) facts**. (Document No. 88).

3. Each side filed a motion *in limine*, and Defendants also filed a motion to bifurcate the trial. (Document Nos. 89, 94, 95). None of these motions indicate that the parties conferred pursuant to Local Rule 7.1 B., and the motion to bifurcate failed to include any briefing as required by Local Rule 7.1 (C).

4. The parties were required to discuss the possibility of settlement, on or about October 17, 2017. (Document No. 18, p.5). Although the Court is well aware the parties came very close to settlement at one point in this litigation, they were expected to make an additional good faith attempt at the time of their pretrial submissions. There is no indication that the parties have recently discussed settlement. The undersigned continues to believe that this matter is ripe for settlement.

5. The parties propose that a jury is to determine how many hours Plaintiff worked each of approximately sixty-one (61) weeks, between January 1, 2014 and May 30, 2015. (Document No. 84, pp.4-15; Document No. 91, pp.41-42). Apparently, there are a handful of weeks Plaintiff contends the jury does not need to review. (Document No. 84, pp.4-15). It is unclear why the parties have not stipulated to any dates that are not in question, and why they cannot significantly reduce the dates/weeks in dispute. At this time, the

undersigned is not persuaded that it is a necessary or efficient use of a federal jury's time to resolve week by week, for over sixty (60) weeks, how many hours Plaintiff worked.

These aforementioned concerns raise doubts about whether this matter is ripe for trial and whether counsel for the parties have complied with the Pretrial Order and the Rules of this Court. The undersigned will direct the parties, at minimum, to revise certain submissions. Moreover, the Court reserves the right to issue sanctions against either side and/or to postpone the trial of this matter. See (Document No. 18, p.9) ("Failure to comply with any of the provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure.").

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion In Limine" (Document No. 94); "Plaintiff's Motions *In Limine* To Exclude Evidence" (Document No. 89); and "Defendants' Motion To Bifurcate" (Document No. 95) are **DENIED WITHOUT PREJUDICE**.

The parties may file revised pretrial motions on or before **October 23, 2017 at 10:00 a.m.** Responses to any motions shall be filed on or before **October 24, 2017 at 10:00 a.m.**

**IT IS FURTHER ORDERED** that the parties shall file a revised "Stipulations Of Fact" and a joint "Statement Of Issues" (also identifying any disagreement on the issues) on or before **October 23, 2017 at 3:00 p.m.**

**SO ORDERED**.

Signed: October 19, 2017

David C. Keesler
United States Magistrate Judge