IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-00417-RJC-DCK

| | |
|---|---|
| ANNE BACLAWSKI,<br><br>    Plaintiff,<br><br>v.<br><br>MOUNTAIN REAL ESTATE CAPITAL LLC, MOUNTAIN ASSET MANAGEMENT GROUP LLC, and PETER FIORETTI,<br><br>    Defendants. | **DEFENDANTS' MOTION IN LIMINE** |

Pursuant to Section III(D)(e) of this Court's Pretrial Order and Case Management Plan, [Doc. 18], Defendants Mountain Real Estate Capital, LLC, Mountain Asset Management Group, LLC, and Peter Fioretti (collectively "Defendants") respectfully submit this Defendants' Motion in Limine. As described herein, Defendants move the Court, in limine, to prohibit Plaintiff Anne Baclawski, and anyone testifying or arguing on her behalf, from presenting any testimony, evidence, and/or arguments to the jury regarding evidence related to Defendants' potential liability for, and amount of, punitive damages.

1. Defendants anticipate that Plaintiff will seek an award of punitive damages at trial.

2. However, punitive damages are not available for violations of the FLSA. E.g., Keene v. Rinaldi, 127 F. Supp. 2d 770, 772 (M.D.N.C. 2000) (noting that liquidated damages can be recoverable under the FLSA, but punitive damages cannot be recovered); Walker v. Pettit Constr. Co., 605 F.2d 128, 130 (4th Cir. 1979) ("The Fair Labor Standards Act, of course, makes no provision for the recovery of punitive damages."); Orshal v. Bodycote Thermal Processing, Inc., No. 1:15CV674, 2016 U.S. Dist. LEXIS 97203, at *10 (M.D.N.C. July 26, 2016)

1

(recognizing that "courts in this district have found that punitive damages may not be recovered for a violation of the FLSA."); Lanza v. Sugarland Run Homeowners Ass'n, 97 F. Supp. 2d 737, 740 (E.D. Va. 2000) (noting that the FLSA does not permit an award of punitive damages, and that the Act "is designed to compensate the aggrieved employee, not punish the offending employer."); Jordan v. Gobo, Inc., No. 6:09-cv-00059, 2010 U.S. Dist. LEXIS 42778, at *26 (W.D. Va. Apr. 30, 2010) ("Punitive damages are not permitted under the FLSA.").

3. As such, this Court should prohibit Plaintiff from presenting any evidence as to liability for, or amount of, punitive damages.

4. Alternatively, Defendants move the Court to prohibit Plaintiff, and anyone testifying or arguing on her behalf, from presenting any testimony, evidence, and/or arguments to the jury regarding evidence related to Defendants' potential liability for, and amount of, punitive damages, until the second phase of the bifurcated trial, if necessary.

5. Contemporaneously herewith, Defendants are filing a Motion to Bifurcate.

6. Pursuant to N.C. Gen. Stat. § 1D-30, upon a defendant's motion for bifurcation, "the issues of liability for compensatory damages and the amount of compensatory damages, if any, shall be tried separately from the issues of liability for punitive damages and the amount of punitive damages, if any." N.C. Gen. Stat. § 1D-30 (2017) (underscore added).

7. Moreover, "[e]vidence relating solely to punitive damages shall not be admissible until the trier of fact has determined that the defendant is liable for compensatory damages and has determined the amount of compensatory damages." Id.; see also N.C. Gen. Stat. § 1D-25(a) ("In all actions seeking an award of punitive damages, the trier of fact shall determine the amount of punitive damages separately from the amount of compensation for all other damages." (underscore added)).

8. Therefore, should the Court determine that Plaintiff is entitled to seek punitive damages, which is denied, the Court should exclude all testimony, evidence, and/or arguments to the jury regarding any evidence relating solely to Defendants' potential liability for punitive damages and the amount thereof until the punitive phase of the bifurcated trial.

9. Pursuant to Local Rule 7.1(B), the undersigned counsel conferred in good faith with counsel for Plaintiff regarding this Motion. Counsel for Plaintiff indicate that they do not consent to the relief requested herein.

**WHEREFORE**, Defendants respectfully move the Court to prohibit and exclude any and all testimony, evidence, and arguments regarding, relating, or referring to evidence relating solely to liability for, and amount of, punitive damages, or alternatively, until the second phase of the bifurcated trial, if necessary.

This the 23rd day of October, 2017.

**JAMES, McELROY & DIEHL, P.A.**

s/ John R. Buric
John R. Buric, N.C. State Bar No. 22688
jburic@jmdlaw.com
John R. Brickley, N.C. State Bar No. 41126
jbrickley@jmdlaw.com
600 South College Street
Charlotte, North Carolina 28202
Telephone: (704) 372-9870
Facsimile: (704) 333-5508
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **DEFENDANTS' MOTION IN LIMINE** has this date been electronically filed with the Clerk of Court using the CM/ECF system, which will transmit notification of such filing, constituting service thereof, to Plaintiff's counsel of record as follows:

    Christopher R. Strianese – chris@strilaw.com

    Tamara L. Huckert – tamara@strilaw.com

This the 23rd day of October, 2017.

    **JAMES, McELROY & DIEHL, P.A.**

    s/ John R. Buric
    John R. Buric, N.C. State Bar No. 22688
    jburic@jmdlaw.com
    John R. Brickley, N.C. State Bar No. 41126
    jbrickley@jmdlaw.com
    600 South College Street
    Charlotte, North Carolina 28202
    Telephone: (704) 372-9870
    Facsimile: (704) 333-5508
    *Attorneys for Defendants*