IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-00417-RJC-DCK

| | |
|---|---|
| ANNE BACLAWSKI,<br><br>    Plaintiff,<br><br>v.<br><br>MOUNTAIN REAL ESTATE CAPITAL LLC, MOUNTAIN ASSET MANAGEMENT GROUP LLC, and PETER FIORETTI,<br><br>    Defendants. | **DEFENDANTS' MOTION TO BIFURCATE** |

Pursuant to North Carolina General Statute § 1D-30, Defendants Mountain Real Estate Capital, LLC, Mountain Asset Management Group, LLC, and Peter Fioretti (collectively "Defendants") respectfully submit this Motion to Bifurcate. In support of this Motion, Defendants show the Court as follows:

1. Defendants anticipate that Plaintiff will try to seek an award of punitive damages at trial.

2. Defendants contend that punitive damages are not available for violations of the FLSA. E.g., Keene v. Rinaldi, 127 F. Supp. 2d 770, 772 (M.D.N.C. 2000) (noting that liquidated damages can be recoverable under the FLSA, but punitive damages cannot be recovered); Walker v. Pettit Constr. Co., 605 F.2d 128, 130 (4th Cir. 1979) ("The Fair Labor Standards Act, of course, makes no provision for the recovery of punitive damages.").[1]

3. However, should this Court allow Plaintiff to seek punitive damages, it should bifurcate the trial.

---

[1] Defendants expressly reserve the right to argue that punitive damages are not available to Plaintiff and that evidence related to punitive damages should not be litigated at any stage of this case. This Motion is not intended to be a waiver of that argument.

1

4. N.C. Gen. Stat. § 1D-30 provides that, upon a defendant's motion for bifurcation, "the issues of liability for compensatory damages and the amount of compensatory damages, if any, <u>shall be tried separately</u> from the issues of liability for punitive damages and the amount of punitive damages, if any." N.C. Gen. Stat. § 1D-30 (2017) (underscore added).

5. Through this Motion, Defendants move the Court to bifurcate the trial of this matter such that issues of liability for punitive damages and the amount of punitive damages, if any, be tried separately.

6. Pursuant to Local Rule 7.1(B), the undersigned counsel conferred in good faith with counsel for Plaintiff regarding this Motion. Counsel for Plaintiff indicate that they do not consent to the relief requested herein.

WHEREFORE, Defendants respectfully move the Court to bifurcate the trial of this case.

This the 23rd day of October, 2017.

**JAMES, McELROY & DIEHL, P.A.**

s/ John R. Buric
John R. Buric, N.C. State Bar No. 22688
jburic@jmdlaw.com
John R. Brickley, N.C. State Bar No. 41126
jbrickley@jmdlaw.com
600 South College Street
Charlotte, North Carolina 28202
Telephone: (704) 372-9870
Facsimile: (704) 333-5508
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **DEFENDANTS' MOTION TO BIFURCATE** has this date been electronically filed with the Clerk of Court using the CM/ECF system, which will transmit notification of such filing, constituting service thereof, to Plaintiff's counsel of record as follows:

  Christopher R. Strianese – chris@strilaw.com

  Tamara L. Huckert – tamara@strilaw.com

This the 23rd day of October, 2017.

            **JAMES, McELROY & DIEHL, P.A.**

              s/ John R. Buric
            John R. Buric, N.C. State Bar No. 22688
            jburic@jmdlaw.com
            John R. Brickley, N.C. State Bar No. 41126
            jbrickley@jmdlaw.com
            600 South College Street
            Charlotte, North Carolina 28202
            Telephone: (704) 372-9870
            Facsimile: (704) 333-5508
            *Attorneys for Defendants*