IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-00417-RJC-DCK

| | |
|---|---|
| ANNE BACLAWSKI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MOUNTAIN REAL ESTATE CAPITAL LLC, )<br>MOUNTAIN ASSET MANAGEMENT )<br>GROUP LLC, and PETER FIORETTI, )<br>)<br>Defendants. )<br>) | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO BIFURCATE** |

Pursuant to Local Civil Rule 7.1(C) and N.C. Gen. Stat. § 1D-1, *et seq.*, Defendants Mountain Real Estate Capital, LLC, Mountain Asset Management Group, LLC, and Peter Fioretti (collectively "Defendants") respectfully submit this Memorandum of Law in Support of Defendants' Motion to Bifurcate.

## I. RELEVANT FACTUAL AND PROCEDUREAL BACKGROUND

On September 8, 2015, Plaintiff Anne Baclawski ("Plaintiff") filed a Complaint asserting claims for overtime wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and North Carolina state law. [Doc. 1]. On November 21, 2015, Plaintiff filed her First Amended Complaint. [Doc. 14]. Both Plaintiff's Complaint and First Amended Complaint contain demands for punitive damages. [Doc. 1, ¶¶ 891, 907, 921, 928, and p.99, ¶(c)]; [Doc. 14, ¶¶ 3, 4, 887, 891, 907, 921, 928, and p.99(c)]. Plaintiff's initial disclosures and discovery responses also make clear that Plaintiff believes she is entitled to punitive damages. Finally, Plaintiff's pre-trial filings show that Plaintiff intends to seek punitive damages at trial. See [Doc. 83, pp.32-33 (proposed jury instructions on punitive damages); Doc. 84, p.16

1

(proposed jury verdict form on punitive damages); [Doc. 85, p.2 (proposed issue on punitive damages)].

As such, Defendants anticipate that Plaintiff will seek to introduce testimony, evidence, and arguments regarding Plaintiff's alleged entitlement to punitive damages.

On October 17, 2017, Defendants filed their Motion to Bifurcate, [Doc. 95], which this Court denied without prejudice by Order dated October 19, 2017. [Doc. 99]. Contemporaneously herewith, Defendants are refiling their Motion to Bifurcate.

## II. LEGAL ARGUMENT

North Carolina General Statute § 1D-30 provides that, upon a defendant's motion for bifurcation, "the issues of liability for compensatory damages and the amount of compensatory damages, if any, <u>shall be tried separately</u> from the issues of liability for punitive damages and the amount of punitive damages, if any." N.C. Gen. Stat. § 1D-30 (2017) (underscore added). In addition, "[e]vidence relating solely to punitive damages shall not be admissible until the trier of fact has determined that the defendant is liable for compensatory damages and has determined the amount of compensatory damages." <u>Id.</u>; <u>see also</u> N.C. Gen. Stat. § 1D-25(a) ("In all actions seeking an award of punitive damages, the trier of fact shall determine the amount of punitive damages <u>separately</u> from the amount of compensation for all other damages." (underscore added)).

In this case, Defendants do not want Plaintiff to present evidence solely related to Defendants' potential liability for punitive damages (to the extent there is any), <u>see</u> N.C. Gen. Stat. § 1D-15(a)(1)-(3) (2017) (identifying aggravating factors), or any evidence solely related to the amount of a potential punitive damage award. <u>See</u> N.C. Gen. Stat. § 1D-35(1)-(2) (2017) (identifying factors used to determine the amount of a punitive damages award). Evidence that

2

relates solely to those factors, such as an attempt to portray Defendants as malicious, which is denied, or evidence related to, for example, Defendants' ability to pay a punitive damages award, would be irrelevant to Plaintiff's claims and prejudicial to Defendants.

Therefore, Defendants move the Court to bifurcate the trial of this matter such that the issues of liability for compensatory damages and the amount of compensatory damages, if any, be tried separately from the issues of liability for punitive damages and the amount of punitive damages, if any.

### III. CONCLUSION

For all the reasons cited above, this Court should grant Defendants' Motion to Bifurcate.

This the 22nd day of October, 2017.

**JAMES, McELROY & DIEHL, P.A.**

    s/ John R. Buric
John R. Buric, N.C. State Bar No. 22688
jburic@jmdlaw.com
John R. Brickley, N.C. State Bar No. 41126
jbrickley@jmdlaw.com
600 South College Street
Charlotte, North Carolina 28202
Telephone: (704) 372-9870
Facsimile: (704) 333-5508
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO BIFURCATE** has this date been electronically filed with the Clerk of Court using the CM/ECF system, which will transmit notification of such filing, constituting service thereof, to Plaintiff's counsel of record as follows:

Christopher R. Strianese – chris@strilaw.com

Tamara L. Huckert – tamara@strilaw.com

This the 22nd day of October, 2017.

**JAMES, McELROY & DIEHL, P.A.**

s/ John R. Buric
John R. Buric, N.C. State Bar No. 22688
jburic@jmdlaw.com
John R. Brickley, N.C. State Bar No. 41126
jbrickley@jmdlaw.com
600 South College Street
Charlotte, North Carolina 28202
Telephone: (704) 372-9870
Facsimile: (704) 333-5508
*Attorneys for Defendants*