IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-417-DCK

| | |
|---|---|
| ANNE BACLAWSKI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** |
| MOUNTAIN REAL ESTATE CAPITAL LLC; MOUNTAIN ASSET MANAGEMENT GROUP LLC; and PETER FIORETTI, | ) ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motions *In Limine* To Exclude Evidence" (Document No. 102) filed October 22, 2017. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. After careful consideration of the record, the parties' written submissions, and oral argument at a hearing on October 24, 2017, the undersigned will grant Plaintiff's motions *in limine*, in part, and deny or defer the motions in part.

**DISCUSSION**

Plaintiff seeks to exclude nine (9) categories of information or evidence at trial. The undersigned will briefly address each request below

1. **Testimony of John Curry**, former Mountain Real Estate in-house counsel.

Plaintiff seeks to exclude testimony of Mr. Curry because Defendants have asserted attorney-client privilege as to communications involving Mr. Curry. (Document No. 102, p.4). Defendants contend that Plaintiff's retaliation claim is based in large part on an email sent by Mr. Curry to Plaintiff following her resignation. (Document No. 112, p.1). At the hearing, Plaintiff

indicated that they do not intend to discuss this alleged retaliation, and Defendants suggested that they do not expect to call Mr. Curry to testify – unless Plaintiff implicates the communication between Mr. Curry and Plaintiff raised in the Amended Complaint.  See (Document No. 14, pp.92).

The Court **GRANTS** the motion to the extent Defendants might seek to introduce testimony from Mr. Curry related to matters where he has previously asserted attorney-client privilege;  otherwise, the motion is **DEFERRED**.  If Plaintiff raises the issue of communications between herself and Mr. Curry, particularly as alleged in the Amended Complaint, the Court would likely allow Mr. Curry to testify on that issue.

2. **Evidence related to an offset of Plaintiff's damages.**

Plaintiff seeks to exclude evidence related to any offset because Plaintiff did not plead offset as an affirmative defense.  (Document No. 102, p.5).   Defendants contend that their Rule 26 initial disclosures stated that they were not seeking any affirmative damages, but may seek to offset any alleged damages based on Plaintiff's submission of improper expenses.  (Document No. 112, p.3).

The Court will **DEFER** ruling on this issue;  however, the undersigned expects that evidence related to Plaintiff's expenses, including how much she was paid, and/or whether she reimbursed Defendants for any alleged expenses, will likely be admissible at trial.

3. **Evidence related to state court action.**

Plaintiff also seeks to exclude evidence related to the pending state court lawsuit against Plaintiff and John Milem, and the allegations underlying that lawsuit.  (Document No. 102, p.6). Plaintiff contends such evidence is irrelevant and would lead to trying certain issues twice.  Id. Defendants contend that they do not intend to raise the issue of the state court action except to defend against any claims of retaliation.  (Document No. 112, p.4).

The undersigned will **DEFER** ruling on this motion. If Plaintiff raises issues related to retaliation and/or the claims underlying the state lawsuit, the Court will likely allow testimony and evidence regarding the state lawsuit.

4. **Plaintiff's tax payments/reporting**.

Next, Plaintiff seeks to keep out evidence relating to Plaintiff's payment or non-payment of income taxes and/or tax reporting of cash or expense payments as income. (Document No. 102, p.7). Defendants argue that this information is crucial to resolving the parties' contemporaneous beliefs about proper classification of the Plaintiff's employment. (Document No. 112, p.5).

The Court will **DENY** this motion. The undersigned finds that both sides' understanding of Plaintiff's employment classification and duties is at the crux of this lawsuit. How Plaintiff paid (or did not pay) taxes, and/or reported expenses or cash payments, may be relevant to a fact finder considering the parties' understanding of their relationship, as well as their credibility. Plaintiff clearly contends that Defendants misclassified her employment; therefore, how she classified herself will be admissible.

5. **Identified Exhibits - Plaintiff emails**.

Plaintiff seeks to exclude a list of exhibits representing Plaintiff's monthly incoming and outgoing emails. (Document No. 102, p.9). Plaintiff basically contends that the exhibits are too voluminous and that Defendants fail to give Plaintiff adequate notice of documents they may need to be familiar with at trial. Defendants contend they need to be able to use any of Plaintiff's emails for impeachment purposes, particularly regarding the hours Plaintiff has alleged she worked. (Document No. 112, p.7).

The Court will **DEFER** ruling on this motion until trial, or at least closer to the revised trial date. This issue will likely be impacted by the Court's decision on the following motion regarding Defendants' interrogatory response.

6. **Evidence disputing recorded work hours beyond the 14 days identified in Defendants' interrogatory responses**.

By this motion, Plaintiff seeks to restrict evidence allegedly disputing Plaintiff's recorded work hours beyond those 14 days identified by Defendants in response to interrogatory 5. (Document No. 102, p. 10). Defendants argue that they have consistently challenged *all* of Plaintiff's claimed hours, noting, *inter alia*, travel billing; and contend they should be able to dispute any day. (Document No. 112, p.8).

The Court will **GRANT** this motion. However, under the circumstances of this case, the Court will allow Defendants to supplement their discovery responses to specifically identify additional days for which they challenge Plaintiff's alleged work hours. Defendants may generally re-state that they question Plaintiff's travel time and the accuracy of her recording methods, but they should *also* specifically identify those dates they contend Plaintiff's alleged hours are inaccurate. In hearings before the Court, Defendants' counsel has repeatedly alluded to recorded hours that are impossible and/or unreasonable, but it is not clear that Defendants have specifically identified these dates.

Currently, the parties suggest that a jury is going to need to determine how many hours Plaintiff worked day-by-day, and week-by-week, for the approximately **sixty (60) weeks** of Plaintiff's employment by Defendants. The undersigned remains unconvinced that such a process is necessary. Rather, counsel for the parties need to narrow the dates that are actually in dispute. Therefore, if Defendants want to introduce emails and/or other evidence related to Plaintiff's

recorded hours of work, they need to identify every date they challenge, <u>and</u> provide a reason why; otherwise the Court is unlikely to allow such evidence.

Defendants may supplement their discovery responses as directed herein on or before **November 22, 2017**. If they determine that only the 14 dates they originally identified are wrong, then they need not supplement.

7. **Potential recovery of attorneys' fees and costs**.

Defendants assert that they do not intend to raise this issue, unless it is somehow raised by Plaintiff. (Document No. 112, p.9).

The Court does not anticipate allowing evidence of Plaintiff's counsel's fees and expenses, but will **DEFER** ruling on this motion until trial.

8. **Reference to liquidated damages**.

The parties agree that the issue of liquidated damages is an issue for the Court. (Document No. 102, p.12; Document No. 112, p.9).

The Court does not anticipate allowing evidence regarding Plaintiff's request for liquidated damages, but will **DEFER** a final ruling on this motion until trial.

**9. Evidence of fee arrangement/contingency**.

Plaintiff contends that her contingency fee arrangement with counsel is irrelevant, and that any probative value is outweighed by a danger of unfair prejudice. (Document No. 102, p.12). Defendants assert that this issue is relevant and not prejudicial, but also stated at the hearing they do not intend to raise it. (Document No. 112, p.9).

The Court does not anticipate allowing evidence regarding Plaintiff's fee arrangement, but will **DEFER** a final ruling on this motion until trial.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motions *In Limine* To Exclude Evidence" (Document No. 102) is **GRANTED** in part, and **DENIED** or **DEFERRED** in part, as described herein.

**SO ORDERED**.

Signed: October 27, 2017

David C. Keesler
United States Magistrate Judge