# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-417-DCK

| ANNE BACLAWSKI, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MOUNTAIN REAL ESTATE CAPITAL LLC; MOUNTAIN ASSET MANAGEMENT GROUP LLC; and PETER FIORETTI, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion In Limine" (Document No. 103) and "Defendants' Motion To Bifurcate" (Document No. 104) filed October 22, 2017. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. After careful consideration of the record, the parties' written submissions, and oral argument at a hearing on October 24, 2017, the undersigned will grant Defendants' motion *in limine*, and deny the motion to bifurcate as moot.

## DISCUSSION

"Defendants' Motion In Limine" seeks "to prohibit Plaintiff Anne Baclawski, and anyone testifying or arguing on her behalf, from presenting any testimony, evidence, and/or arguments to the jury regarding evidence related to Defendants' potential liability for, and amount of, punitive damages." (Document No. 103, p.1). Defendants "anticipate that Plaintiff will seek an award of punitive damages at trial," and the First Amended Complaint states that based on Defendants' alleged retaliation, Plaintiff is entitled to "compensatory damages, emotional distress damages,

liquidated and statutory damages, punitive damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs, and other compensation" Id. See also (Document No. 14, p.99).

As will be addressed below, the Court is not convinced there will be a retaliation claim to present to a jury; nevertheless, even if Plaintiff's retaliation claim proceeds, the undersigned will respectfully decline to allow Plaintiff to seek punitive damages.

Punitive Damages

Defendants contend that punitive damages are not available under the Fair Labor Standards Act ("FLSA"), and therefore, "Plaintiff should be prohibited from presenting any evidence as to liability for, or amount of, punitive damages." (Document No. 103, pp.1-2). By their motion *in limine* and motion to bifurcate, Defendants argue in the alternative that there should be no argument, testimony, or evidence about punitive damages until a second phase of a bifurcated trial, if necessary. (Document Nos. 103 and 104). In support of their position, Defendants identify the following caselaw from within the Fourth Circuit:

> Keene v. Rinaldi, 127 F. Supp. 2d 770, 772 (M.D.N.C. 2000) (noting that liquidated damages can be recoverable under the FLSA, but punitive damages cannot be recovered); Walker v. Pettit Constr. Co., 605 F.2d 128, 130 (4th Cir. 1979) ("The Fair Labor Standards Act, of course, makes no provision for the recovery of punitive damages."); Orshal v. Bodycote Thermal Processing, Inc., No. 1:15CV674, 2016 U.S. Dist. LEXIS 97203, at *10 (M.D.N.C. July 26, 2016) (recognizing that "courts in this district have found that punitive damages may not be recovered for a violation of the FLSA."); Lanza v. Sugarland Run Homeowners Ass'n, 97 F. Supp. 2d 737, 740 (E.D.Va. 2000) (noting that the FLSA does not permit an award of punitive damages, and that the Act "is designed to compensate the aggrieved employee, not punish the offending employer."); Jordan v. Gobo, Inc., No. 6:09-cv-00059, 2010 U.S. Dist. LEXIS 42778, at *26 (W.D.Va. Apr. 30, 2010) ("Punitive damages are not permitted under the FLSA.").

(Document No. 103, pp.1-2).

In opposition, Plaintiff notes that section 216 of the FLSA provides for "legal and equitable relief" for unlawful FLSA retaliation. (Document No. 109, pp.1-2) (citing 29 U.S.C. § 216(b)). More fully, the FLSA states:

> Any employer who violates the provisions of section 206 or section 207 of this title **shall be liable to the employee or employees affected in the amount of** their unpaid minimum wages, or **their unpaid overtime compensation**, as the case may be, **and in an additional equal amount as liquidated damages**. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for **such legal or equitable relief as may be appropriate** to effectuate the purposes of section 215(a)(3) of this title, **including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages**.

29 U.S.C.A. § 216 (b). (Emphasis added).

Adopting reasoning from the Eastern District of Pennsylvania and the Seventh Circuit Court of Appeals, Plaintiff contends that punitive damages are included in the "legal and equitable relief" allowed by the FLSA. (Document No. 109, p.2) (citing Marrow v. Allstate Sec. Investigative Servs., Inc., 167 F.Supp. 838, 841 (E.D.Pa. 2001) and Travis v. Gary Community Mental Health Ctr., Inc., 921 F.2d 108, 111-12 (7th Cir. 1990)). Plaintiff declines to specifically address the authority cited by Defendants, but acknowledges that the Fourth Circuit "has not ruled upon the recovery of punitive damages for an FLSA retaliation claim" and that the Eleventh Circuit has held that punitive damages are not available under the FLSA. Id. (citing Randolph v. ADT Sec. Servs., Inc., 2012 WL 2234362 (D.Md. June 14, 2012) (citing Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 933-39 (11th Cir. 2000)).

Plaintiff concludes that this Court should also adopt the reasoning in Marrow, which followed Travis, and thus ignore the rulings in Snapp, Walker, and other district courts within the Fourth Circuit. (Document No. 109, pp.2-3). Moreover, Plaintiff's counsel at the hearing seemed
3

to suggest that the Court should allow the claim for punitive damages to proceed, and then let the Fourth Circuit settle the matter later, if Plaintiff prevails and Defendants appeal.

The undersigned does not find Plaintiff's reasoning or authority on this issue to be persuasive, or in the best interests of judicial economy. Instead, the undersigned finds the Fourth Circuit's decision in Walker to be instructive here:

> For similar reasons, we hold that punitive damages are not recoverable under s 7. The conclusion that s 7 permits the recovery of only lost wages and liquidated damages precludes the recovery of punitive damages as well as damages for pain and suffering. **The Fair Labor Standards Act, of course, makes no provision for the recovery of punitive damages**. King v. J. C. Penney Co., 58 F.R.D. 649 (N.D.Ga.1973). Furthermore, we think that **Congress**, in providing in s 7(b) for the recovery of an additional amount, equal to lost wages, as "liquidated damages" only in cases of "willful violations" **evidenced an intent not to permit additional recovery, beyond liquidated damages**, as punitive damages. Our holding that s 7 does not permit the recovery of punitive damages is **in accord with the decision of the Fifth Circuit in Dean v. American Security Insurance Co.**, 559 F.2d 1036, 1039-40 (5th Cir. 1977), cert. denied, 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978), upon which we relied in Slatin.

Walker v. Pettit Const. Co., Inc., 605 F.2d 128, 130 (4th Cir. 1979) (emphasis added). See also, Keene v. Rinaldi, 127 F.Supp.2d 770, 772 (M.D.N.C. 2000); Lanza v. Sugarland Run Homeowners Assoc. Inc., 97 F.Supp.2d 737, 742 (E.D.Va. 2000); Jordan v. Gobo Inc., 2010 WL 1816361, at *8 (W.D.Va. Apr. 30, 2010) aff'd by 393 Fed.Appx. 118 (4th Cir. Aug. 31, 2010) ("we affirm for reasons stated by the district court."); Madrigal v. Tommy Bahama Group, Inc., 2010 4384235, at *8 (C.D.Ca. Oct. 18, 2010); and Orshal, v. Bodycote Thermal Processing, Inc., 2016 WL 4007610, at *3 (M.D.N.C. July 26, 2016).

The undersigned is satisfied that Walker adequately forecasts the Fourth Circuit's position on this issue. In addition, and especially where it is undisputed that there is a split among the Circuit courts, the undersigned finds that the better course is to follow the guidance of other district

4

courts in this state and the Fourth Circuit, rather than adopting a decision from the Eastern District of Pennsylvania.

Based on the foregoing, the undersigned will grant Defendant's motion *in limine*, and exclude evidence and arguments related to punitive damages. Since the motion *in limine* will be granted, Defendants' alternative request for a bifurcated trial will be denied as moot.

Retaliation

As noted above, Plaintiff seeks punitive damages as relief for her FLSA retaliation claim. (Document No. 109, p.1). Plaintiff's retaliation claim, as stated in the First Amended Complaint, is largely based on Defendants' filing of an action against Plaintiff and John Milem in the Superior Court of Mecklenburg County, North Carolina, and allegations underlying that state court action. See (Document No. 14, pp. 91-93, 95-98). On July 18, 2017, the Court granted summary judgment, in part, in favor of Defendants – finding that there is not a triable issue as to Plaintiff's retaliation claim based on the state lawsuit. (Document No. 77, p.11).

Defendants did not seek judgment on, and the Court did not address, any other alleged retaliatory conduct. Id. Since then, the Court has been uncertain what, if any, allegations of retaliation Plaintiff intends to pursue and raised that question twice at the recent hearing. Plaintiff's counsel's response at the hearing indicated that the only remaining allegation that might support a claim for retaliation is that after Plaintiff resigned her employment, Defendants demanded she "return a portion of her lawfully owed compensation." See (Document No. 14, pp.91, 97-98). Defendants' counsel acknowledged at the hearing that they had initially made such a demand, but soon thereafter realized the demand was in error, and promptly withdrew their request for a return of compensation.

5

It appears that there is only one allegation remaining related to retaliation in this lawsuit, and it appears that the parties do not dispute the facts underlying that allegation.  As such, the Court now questions whether there is a genuine issue of material fact to present to a jury regarding Plaintiff's retaliation claim;  or, is there only a question of law regarding alleged retaliation that should be resolved by the Court before trial.  Under these circumstances, the Court will extend the dispositive motions deadline for the limited purpose of allowing either side to file a motion for summary judgment related to Plaintiff's retaliation claim.

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion In Limine" (Document No. 103) is **GRANTED**.

**IT IS FURTHER ORDERED** "Defendants' Motion To Bifurcate" (Document No. 104) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the parties may file a motion for summary judgment, as directed herein, on or before **November 22, 2017.**

**SO ORDERED**.

Signed: October 27, 2017

David C. Keesler
United States Magistrate Judge